UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS CASTILLO<br>197 Big Dan Swamp Drive<br>Andrews, SC  29510<br><br>CARLOS FLORES<br>4700 27th St., Apt. 3<br>Mt. Rainier, MD  20712<br><br>On behalf of themselves and all<br>Similarly situated employees,<br><br>    Plaintiffs,<br><br>  v.<br><br>P & R ENTERPRISES, INC.<br>5681 Columbia Pike, Suite 101<br>Falls Church, VA  22041<br><br>    Defendant. | Case No.<br><br>**COMPLAINT -- COLLECTIVE<br>ACTION AND CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

INTRODUCTION

1. This action is commenced by the named Plaintiffs on their own behalf and on behalf of all other similarly situated employees employed by the Defendant, P & R Enterprises, Inc., since June 2004 to recover unpaid overtime compensation, plus an additional equal amount of liquidated damages, the costs of this action and their reasonable attorney's fees, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 ("FLSA"), and the District of Columbia Minimum Wage Act Revision Act, D.C. Code § 32-1001 *et seq.*,. Plaintiffs also bring a claim for unpaid wages, plus an additional equal

amount of liquidated damages, the costs of this action and their reasonable attorney's fees, under the District of Columbia Wage Payment and Wage Collection Act, D.C.Code § 32-1301 *et seq.*, on behalf of themselves and a class consisting of all persons performing non-exempt work for Defendant in the District of Columbia since June 2004.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. §§1331 and 29 U.S.C. § 216(b). The Court has jurisdiction over Plaintiffs' D.C. wage claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), as Defendant does business within, and therefore may be deemed to reside within, this judicial district.

## PARTIES

4. Plaintiff Carlos Castillo is a natural person and a resident of Andrews, South Carolina. Plaintiff Carlos Flores is a natural person and a resident of Mount Rainier, Maryland.

5. Defendant P & R Enterprises is a Virginia corporation with its principal place of business in Falls Church, Virginia. Defendant does business throughout the Washington, DC area, including within the District of Columbia. Defendant provides janitorial services to many of the area's largest commercial real estate companies. It boasts on its website that it cleans more than 20 million square feet of space with a workforce of more than 1,550 employees.

6. Defendant is, and at all times material to this action was, an enterprise within

the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

7. Defendant is, and at all times material to this action was, an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

8. Defendant is, and at all times material to this action was, an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); the District of Columbia Minimum Wage Act Revision Act, D.C. Code §32-1002(3); and the District of Columbia Wage Payment and Wage Collection Act, D.C. Code §32-1301(1).

9. At all times material to this action, the named Plaintiffs were employed as porters assigned to clean the commercial real estate of Defendant's clients and were employees of Defendant within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e); the District of Columbia Minimum Wage Act Revision Act, D.C. Code § 32-1002(2); and the District of Columbia Wage Payment and Wage Collection Act, D.C. Code §32-1301(2).

10. This action is maintained as a collective action pursuant to the statutory requirements of the FLSA, 29 U.S.C. § 216(b); and the District of Columbia Minimum Wage Act Revision Act, D.C. Code §32-1012(b). Consents to Join Action executed by the named Plaintiffs are attached hereto. Plaintiffs bring this action on behalf of all other employees similarly situated.

## FACTS COMMON TO ALL CAUSES OF ACTION

11. During the period of June 2004 to September 2006, Defendant employed Plaintiff Castillo as a Day Cleaner at 1401 H Street, NW in Washington, DC. At all times

material to this action Defendant did not classify him as exempt, and he did not perform any work that was of a *bona fide* executive, administrative or professional nature, or that would otherwise exempt him from the application of the Fair Labor Standards Act, the District of Columbia Minimum Wage Act Revision Act, or the District of Columbia Wage Payment and Wage Collection Act.

12. Plaintiff Castillo regularly worked more than 40 hours per week but Defendant failed to pay Plaintiff Castillo time-and-a-half overtime compensation for his hours worked in excess of 40 hours per workweek. At certain periods during his employment, Castillo would work a shift cleaning one building, followed by a second shift cleaning another building, and although his combined hours of work totaled far in excess of 40 hours in a workweek, he was not paid time and one-half for all hours over 40 in a workweek.

13. During the period of June 2004 to October 2005, Defendant employed Plaintiff Flores as a Day Porter at 529 F St., NW in Washington DC, and from October 2005 to November 2006, Defendant employed Plaintiff Flores as a Day Porter 1401 H Street, NW in Washington, DC. At all times material to this action Defendant did not classify him as exempt, and he did not perform any work that was of a *bona fide* executive, administrative or professional nature, or that would otherwise exempt him from the application of the Fair Labor Standards Act, the District of Columbia Minimum Wage Act Revision Act, or the District of Columbia Wage Payment and Wage Collection Act.

14. Plaintiff Flores regularly worked more than 40 hours per week but Defendant failed to pay Plaintiff Flores time-and-a-half overtime compensation for his hours worked in

excess of 40 hours per week.

15. At all times material to this action, Defendant has maintained a centralized payroll operation for all its non-exempt employees, and has applied the same payroll policies to all its non-exempt employees.

16. At all times material to this action, Defendant has maintained a place in each building where its employees perform cleaning duties, in which it posts notices relating to employment that are required by federal and state law.

17. Defendant employs employees in the following classifications: Day Porter; Day Maid; Day Cleaner; Floorman; Vacuum; Zone Cleaner; Trashman; Project/Utility; Restroom Cleaner; Lobby and Principal Lobby. The employees in each of these classifications perform cleaning and janitorial work similar to that performed by the named Plaintiffs. Defendant has not classified them as exempt, and they do not perform any work that is of a *bona fide* executive, administrative or professional nature, or that would otherwise exempt them from the application of the Fair Labor Standards Act, the District of Columbia Minimum Wage Act Revision Act, or the District of Columbia Wage Payment and Wage Collection Act.

18. Defendant had and upon information and belief Plaintiffs allege that Defendant continues to have a policy against paying overtime for hours worked in excess of 40 per workweek. When Plaintiff Castillo requested that he be paid for the overtime he worked, General Manager Carlos Sanchez, one of the owners of Defendant, told Plaintiff Castillo that Defendant did not pay overtime to any of its employees.

19. Defendant had and upon information and belief Plaintiffs allege that

Defendant continues to have a policy of requiring employees to perform work for each minute they are on the clock, including during their purported rest and lunch periods, before their scheduled shift start times, and after their scheduled shift end times, but Defendant does not pay them for all hours worked.

20.     Documentation and records concerning the number of hours actually worked by Plaintiffs and other employees in the above classifications, and the compensation actually paid to Plaintiffs and other employees in the above classifications, are in the possession, custody or control of Defendant.

FIRST CAUSE OF ACTION
(Violation of Overtime Provisions of the FLSA)
[29 U.S.C. § 207(a)]

21.     Plaintiffs incorporate by reference and reallege each and every allegation set forth above in Paragraphs 1 through 20, as though fully set forth herein.

22.     Plaintiff brings this claim on behalf of themselves and all similarly situated employees, including all current and former non-exempt employees of Defendant who were or are employed since June 2004 as Day Porter, Day Maid, Day Cleaner, Floorman, Vacuum, Zone Cleaner, Trashman, Project/Utility, Restroom Cleaner, Lobby or Principal Lobby, and/or who perform work similar to the work performed by employees in those classifications, and who were not paid time and one-half for all hours worked over 40 hours per workweek.

23.     Under Section 7(a) of the FLSA, 29 U.S.C. § 207(a), Defendant was required to pay the named Plaintiffs and all employees similarly situated time-and-one-half overtime compensation for their hours worked in excess of 40 per workweek.

-6-

24. Defendant had and continues to have a policy against paying overtime for hours worked in excess of 40 per workweek, and has refused to pay the required overtime.

25. Defendant has violated, and upon information and belief Plaintiffs allege Defendant continues to violate, the overtime compensation requirements of Section 207(a) of the FLSA, by failing to pay its employees at time and one-half for all hours worked in excess of 40 in a workweek.

26. The named Plaintiffs and all members of the Plaintiff class are entitled to be paid at one and one-half their regular rate of pay for those hours worked in excess of 40 hours in a workweek.

27. Defendant's actions were willful as evidenced by its failure to pay the named Plaintiffs overtime when Defendant knew, or should have know, that such was due.

28. At all times material hereto, Defendant failed to maintain proper time and payroll records, prepared false W-2 forms and failed to make legally required payments for Social Security and Medicare on behalf of Plaintiffs and members of the Plaintiff class as mandated by the FLSA.

29. Defendant has failed to properly disclose or apprise Plaintiffs and the Plaintiff class of their rights under the FLSA.

30. Due to the intentional, willful and unlawful acts of Defendant, Plaintiffs and all similarly-situated employees are entitled to an additional equal amount as liquidated damages pursuant to Section 216(b) of the FMLA, 29 U.S.C. § 216(b).

31. The named Plaintiffs and all members of the Plaintiff class are entitled to an award of their reasonable attorney's fees and costs under Section 216(b) of the FLSA, 29

U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
(Violation of Overtime Provisions of the District of Columbia
Minimum Wage Act Revision Act)
[D.C. Code §32-1003(c)]

32. Plaintiff incorporates by reference and realleges each and every allegation set forth above in Paragraphs 1 through 20, as though fully set forth herein.

33. Plaintiff brings this claim on behalf of themselves and all similarly situated employees, including all current and former non-exempt employees of Defendant who were or are employed by Defendant in the District of Columbia since June 2004 as Day Porter, Day Maid, Day Cleaner, Floorman, Vacuum, Zone Cleaner, Trashman, Project/Utility, Restroom Cleaner, Lobby or Principal Lobby, and/or who perform work similar to the work performed by employees in those classifications, and who were not paid time and one-half for all hours worked over 40 hours per workweek.

34. Under the District of Columbia Minimum Wage Act Revision Act, D.C. Code § 32-1003(c), Defendant was required to pay the named Plaintiffs and all employees similarly situated time-and-one-half overtime compensation for their hours worked in excess of 40 per workweek.

35. Defendant had and continues to have a policy against paying overtime for hours worked in excess of 40 per workweek, and has refused to pay the required overtime.

36. Defendant has violated, and upon information and belief Plaintiffs allege Defendant continues to violate, the overtime compensation requirements of § 32-1003(c) by failing to pay its employees at time and one-half for all hours worked in excess of 40 in a

workweek.

37. The named Plaintiffs and all members of the Plaintiff class are entitled to be paid at one and one-half their regular rate of pay for those hours worked in excess of 40 hours in a workweek.

39. Defendant's actions were willful and not in good faith as evidenced by its failure to pay the named Plaintiffs overtime when Defendant knew, or should have know, that such was due.

40. At all times material hereto, Defendant failed to maintain proper time and payroll records as mandated by the District of Columbia Minimum Wage Act Revision Act.

41. Defendant has failed to properly disclose or apprise Plaintiffs and the Plaintiff class of their rights under the District of Columbia Minimum Wage Act Revision Act.

42. Due to the intentional, willful and unlawful acts of Defendant, Plaintiffs and all similarly-situated employees are entitled to an additional equal amount as liquidated damages pursuant to Section 32-1012(a).

43. The named Plaintiffs and all members of the Plaintiff class are entitled to an award of their reasonable attorney's fees and costs under Section 32-1012(c).

### THIRD CAUSE OF ACTION
(Violation of the District of Columbia Wage Payment and
Wage Collection Act)
[D.C. Code §32-1302(a)]

44. Plaintiff incorporates by reference and realleges each and every allegation set forth above in Paragraphs 1 through 20, as though fully set forth herein.

45. Defendant failed to pay Plaintiff Castillo for all time worked, including work

performed during purported rest and lunch periods, work performed after Plaintiff Castillo clocked in but before the scheduled start-time of his shift, and worked performed after the scheduled end-time of his shift but before Plaintiff Castillo clocked out.

46. Defendant failed to pay Plaintiff Flores for all time worked, including work performed during purported rest and lunch periods, work performed after Plaintiff Flores clocked in but before the scheduled start-time of his shift, and worked performed after the scheduled end-time of his shift but before Plaintiff Flores clocked out.

47. The District of Columbia Wage Payment And Wage Collection Act requires Defendant to pay the named Plaintiffs and all employees similarly situated for all time worked.

48. Defendant has violated, and upon information and belief Plaintiffs allege Defendant continues to violate, the Wage Payment and Wage Collection Act by failing and refusing to pay employees for all time worked. Defendant had, and upon information and belief Plaintiffs allege that Defendant continues to have, a practice and policy of requiring employees to work through their purported rest and lunch periods without pay, not paying for work performed after employees clock in but before the scheduled start-time of their shifts, and not paying for work performed after the scheduled end-time of their shifts but before employees clock out.

49. At all times material hereto, Defendant failed to maintain proper time and payroll records as mandated by the District of Columbia Wage Payment and Wage Collection Act.

50. Defendant has failed to properly disclose or apprise Plaintiffs and the Plaintiff

class of their rights under the District of Columbia Wage Payment and Wage Collection Act.

51. The named Plaintiffs and all similarly situated employees are entitled, in addition to back overtime compensation, to an additional equal amount as liquidated damages for Defendant's violation of the Wage Payment and Wage Collection Act, pursuant to Section 32-1308(a).

52. The named Plaintiffs and all members of the Plaintiff class are entitled to an award of their reasonable attorney's fees and costs under Section 32-1308(b).

## CLASS ACTION ALLEGATIONS

53. Plaintiffs bring this cause of action pursuant to Rules 23 of the Federal Rules of Civil Procedure on behalf of themselves and respective classes of similarly situated individuals.

54. The Class consists of all persons employed by Defendant in the District of Columbia since June 2004 in the classifications of Day Porter, Day Maid, Day Cleaner, Floorman, Vacuum, Zone Cleaner, Trashman, Project/Utility, Restroom Cleaner, Lobby or Principal Lobby, and/or who performed work similar to the work performed by employees in those classifications, and who were not paid for all hours worked.

55. On information and belief, the Class consists of hundreds of individuals and as such, all members cannot practically be joined as named parties herein.

56. This action involves substantial questions of fact and/or law common to the claims of the Class, including but not limited to the following: whether Defendant had a practice and policy of requiring employees to work through their purported rest and lunch

periods without pay; whether Defendant had a practice and policy of requiring employees to work from the time they clocked in until they time they clocked out; whether Defendant had a practice and policy of not paying for work performed after employees clock in but before the scheduled start-time of their shifts, and of not paying for work performed after the scheduled end-time of their shifts but before employees clock out; and whether Defendant had a practice of "rounding down" employees' time and not paying them for all hours worked.

57.     Plaintiffs' claims are typical of the claims of the Classes. Both Plaintiffs worked hours for which they were not paid on the same grounds applicable to all members of the Classes.

58.     Plaintiffs' claims are based on the same facts as those of the other members of the proposed Class.

59.     Plaintiffs will fairly and adequately protect the interests of the class.

60.     Plaintiffs have no interests that are antagonistic to the interests of the Class as a whole. They are committed to the vigorous prosecution of this action and have retained competent counsel who are experienced in wage and hour law and class action litigation.

61.     **Rule 23(b)(1)(A).** The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

62. **Rule 23(b)(1)(B).** The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class that would as a practical matter be dispositive of the interest of the other members not parties to the adjudications and/or substantially impair or impeded their ability to protect their interests.

63. **Rule 23(b)(2).** Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, for themselves and for all employees similarly situated, respectfully request that this Court:

1. Enter judgment against Defendant P & R Enterprises, Inc. for all unpaid overtime compensation found due to the named Plaintiffs and all similarly situated employees as a result of Defendant's violation of 29 U.S.C. § 207(a), plus an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b);

2. Enter judgment against Defendant P & R Enterprises, Inc. for all unpaid overtime compensation found due to the named Plaintiffs and all similarly situated employees as a result of Defendant's violation of Section 32-1003(c) of the District of Columbia Minimum Wage Act Revision Act, plus an additional equal amount as liquidated damages, pursuant to Section 32-1012(a);

3. Certify this action as a Class Action, and appoint Plaintiffs as the representatives of the Class and the undersigned attorneys as Class Counsel;

4.    Enter judgment against Defendant P & R Enterprises, Inc. for all unpaid wages found due to the named Plaintiffs and the Class as a result of Defendant's violation of the District of Columbia Wage Payment and Wage Collection Act, plus an additional equal amount as liquidated damages, pursuant to Section 32-1308(a);

5.    Award Plaintiffs the costs of this action and their reasonable attorney's fees, pursuant to 29 U.S.C. § 216(b), and Sections 32-1012(c) and 32-1308(b) of the District of Columbia Code; and

6.    Grant Plaintiffs such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  June 27, 2007

**D.C. EMPLOYMENT JUSTICE CENTER**
Arthur P. Rogers (DC Bar 390844)
727 15 Street NW, 2nd Floor
Washington, DC  20005
Tel: (202) 828-9675
Fax: (202) 828-9190

**DAVIS, COWELL & BOWE, LLP**
George R. Murphy (DC Bar 75200)
Mark Hanna (DC Bar 471960)
Joni S. Jacobs (DC Bar 493846)
1701 K Street NW, Suite 210
Washington, DC  20006
Tel: (202) 223-2620
Fax: (202) 223-8651

By_____
     Mark Hanna (DC Bar 493846)

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARLOS CASTILLO, et al., | ) | Case No. |
| | ) | |
| Plaintiffs, | ) | CONSENT RE: COMPLAINT |
| | ) | ALLEGING WAGE AND HOUR |
| v. | ) | CLAIMS |
| | ) | |
| P & R ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

I, Carlos Castillo, declare as follows:

1. I am a former employee of defendant P & R Enterprises, Inc, and one of the named plaintiffs in this action.

2. I give my consent to being a plaintiff in this action. I wish to seek unpaid wages and overtime compensation under the Fair Labor Standards Act, the District of Columbia Minimum Wage Act Revision Act, and the District of Columbia Wage Payment and Wage Collection Act.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19 day of June, 2007, at Andrews, South Carolina

_____
Carlos Castillo

-1-

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARLOS CASTILLO, et al., | ) | Numero de Caso |
| | ) | |
| Los Demandantes, | ) | EL CONSENTIMIENTO SOBRE |
| | ) | LA DEMANDA QUE ALEGA LOS |
| v. | ) | RECLAMOS DEL SUELDO Y DE |
| | ) | LAS HORAS |
| P & R ENTERPRISES, INC., | ) | |
| | ) | |
| El Acusado. | ) | |

Yo, Carlos Castillo, declaro lo siguiente:

1. Soy un empleado anterior del acusado P & R Enterprises, Inc, y soy uno de los demandantes nombrados en esta acción.

2. Doy mi consentimiento de ser un demandante en esta acción. Deseo reclamar los sueldos no pagados y la compensación de sobretiempo bajo del Fair Labor Standards Act, el District of Columbia Minimum Wage Act Revision Act, y el District of Columbia Wage Payment and Wage Collection Act.

Declaro, bajo la pena de perjurio, que la información precedida es verdadera y correcta. Firmado el día 19 de junio, 2007, en Andrews, South Carolina.

_____
Carlos Castillo

-1-

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARLOS CASTILLO, et al., | ) | Case No. |
| | ) | |
| Plaintiffs, | ) | CONSENT RE: COMPLAINT |
| | ) | ALLEGING WAGE AND HOUR |
| v. | ) | CLAIMS |
| | ) | |
| P & R ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

I, Carlos Flores, declare as follows:

1.  I am a former employee of defendant P & R Enterprises, Inc, and one of the named plaintiffs in this action.

2.  I give my consent to being a plaintiff in this action. I wish to seek unpaid wages and overtime compensation under the Fair Labor Standards Act, the District of Columbia Minimum Wage Act Revision Act, and the District of Columbia Wage Payment and Wage Collection Act.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18 day of June, 2007, at Mount Rainier, Maryland.

_____
Carlos Flores

-1-

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARLOS FLORES, et al., | ) | Numero de Caso |
| | ) | |
| Los Demandantes, | ) | EL CONSENTIMIENTO SOBRE |
| | ) | LA DEMANDA QUE ALEGA LOS |
| v. | ) | RECLAMOS DEL SUELDO Y DE |
| | ) | LAS HORAS |
| P & R ENTERPRISES, INC., | ) | |
| | ) | |
| El Acusado. | ) | |
| | ) | |

Yo, Carlos Flores, declaro lo siguiente:

1. Soy un empleado anterior del acusado P & R Enterprises, Inc, y soy uno de los demandantes nombrados en esta acción.

2. Doy mi consentimiento de ser un demandante en esta acción. Deseo reclamar los sueldos no pagados y la compensación de sobretiempo bajo del Fair Labor Standards Act, el District of Columbia Minimum Wage Act Revision Act, y el District of Columbia Wage Payment and Wage Collection Act.

Declaro, bajo la pena de perjurio, que la información precedida es verdadera y correcta. Firmado el día _18_ de junio, 2007, en _Mount Rainier_, _Maryland_.

_____
Carlos Flores

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
CARLOS CASTILLO,
CARLOS FLORES

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Davis, Cowell & Bowe, LLP
1701 K St NW, Suite 210
Washington, D.C. 20006
202-223-2620

D.C. Employment Justice Center
727 15th St. NW, 2nd floor
Washington, D.C. 20005
202-828-9675

## DEFENDANTS
P & R ENTERPRISES, INC.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01195
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 7/2/2007
Description: Labor-ERISA

JURY
ACT

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

● **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(1)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⊙ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Fair Labor Standards Act, 29 U.S.C. Section 201-219. Collective and Class Action - plaintiffs seeking unpaid base wages and unpaid overtime wages.

**VII. REQUESTED IN COMPLAINT**  ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 6/27/7 / 7-2-07    SIGNATURE OF ATTORNEY OF RECORD [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You must also select *one* corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.