## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARLOS CASTILLO, et al., | ) | Case No. 07-cv-1195 (CKK) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| P & R ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION FOR ORDER GIVING NOTICE TO
## POTENTIAL PLAINTIFF EMPLOYEES; MEMORANDUM OF POINTS
## AND AUTHORITIES IN SUPPORT OF MOTION

Plaintiffs Carlos Castillo and Carlos Flores (hereinafter the "named Plaintiffs")

respectfully move this Court for an order authorizing the named Plaintiffs to give notice of

this lawsuit to all potentially similarly situated employees of Defendant P & R Enterprises,

Inc., in the form attached hereto as Appendix A, and requiring Defendant to promptly

provide to Plaintiffs the names and last known addresses of all potential similarly situated

employees and to post the notice in all of its workplaces.

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION

### I.    STATEMENT OF FACTS AND PROCEDURE.

This is a collective action brought for the recovery of unpaid wages and overtime

compensation pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 216

and the District of Columbia Minimum Wage Act Revision Act, D.C. Code § 32-1012(b).[1]

---

[1]  Plaintiffs also bring a class action claim for unpaid wages under the District of

Defendant P & R Enterprises operates a commercial cleaning company that provides janitorial services to many of the area's largest commercial real estate companies. (Complaint, ¶5.) It has more than 1550 employees, who clean more than 20 million square feet of office and other commercial space. (*Id.*)

Plaintiffs were employees of Defendant, classified as Day Cleaner and Day Porter, who performed cleaning and janitorial work at a high-rise office building in DC. (*Id.*, ¶¶11, 13.) They were not classified by Defendant as exempt from the overtime provisions of the FLSA, nor did they perform any work of a *bona fide* executive, administrative or professional nature or which would otherwise exempt them from the overtime provisions of the FLSA. (*Id.*) In the simplest terms, they cleaned office buildings.

Defendant has several employees in various non-exempt classifications that perform work of a similar nature to that performed by Plaintiffs, including Day Porter, Day Maid, Day Cleaner, Floorman, Vacuum, Trashman, Project/Utility, Zone Cleaner, Restroom Cleaner, Lobby and Principal Lobby. (*Id.*, ¶17.) Defendant has a centralized payroll system and applies the same payroll policies to all its non-exempt employees. (*Id.*, ¶¶15-16.)

Plaintiffs, and other of Defendant's non-exempt employees, regularly worked more than 40 hours per week but, pursuant to Defendant's policy, were not paid overtime compensation. (*Id.*, ¶¶12, 14, 18.) For example, sometimes Plaintiff Castillo worked a shift cleaning one building, followed by a shift cleaning another building, but although his combined hours totaled far in excess of 40 in a workweek, he was paid only straight-time

---

Columbia's Wage Payment and Collection Act. The Notice Plaintiffs seek permission to provide here will not address that claim.

for all the hours he worked. (*Id.*, ¶12.)   When Plaintiff Castillo required about payment for

overtime he had worked, Defendant's co-owner and General Manager Carlos Sanchez told

him that Defendant did not pay overtime to any of its employees. (*Id.*, ¶18.)

Plaintiffs bring this collective action on behalf of all current and former non-exempt

employees of Defendant since July 2004 who are or were classified in the above

classifications and/or who perform work similar to the work performed by employees in

those classifications, who were not paid time and one-half for all hours worked over 40

hours per week.  Plaintiffs also bring this action on behalf of a subgroup of employees who

worked in the District of Columbia and who were deprived of the protections of D.C.'s

overtime law, to the extent there are any differences in coverage between the FLSA and the

D.C. statute.

## II.    ARGUMENT

### A.    The Court Has Original Jurisdiction Over Plaintiffs' FLSA Claim And Supplemental Jurisdiction Over Its D.C. Statutory Claim.

The Fair Labor Standards Act provides a private right of action in federal courts for

employees denied its overtime protections.  More specifically, Section 216(b) provides that

an action to recover overtime "may be maintained . . . in any Federal or State court of

competent jurisdiction." 29 U.S.C. § 216(b).  Pursuant to 28 U.S.C. §1331, this action

arises under federal law, and the Court has jurisdiction over Plaintiffs' claim.

Because the Court has original jurisdiction over Plaintiffs' FLSA claim, it has

supplemental jurisdiction over Plaintiffs' D.C. statutory claim.  28 U.S.C. §1367(a).

Plaintiffs' D.C. statutory claims are related to their FLSA claims, as they stem from uniform

payroll policies and practices and derive from a common nucleus of operative facts, and thus jurisdiction under Section 1367(a) is mandatory. *Lindsay v. Government Employees Ins. Co.*, 448 F.3d 416, 421-24 (D.C.Cir. 2006). While the *Lindsay* court recognized a "circumscribed" discretion to decline to exercise supplemental jurisdiction under Section 1367(c), *id.* at at 424-25, the standard to not exercise supplemental jurisdiction is not found here. Plaintiffs' D.C. overtime claims do not raise any novel or complex issues of state law; they do not substantially predominate over the FLSA claims; and the Court retains its original jurisdiction over Plaintiff's FLSA claim. *Id.* at 425. *See also Cryer v. Intersolutions, Inc.*, 2007 WL 1191928 (D.D.C. Apr. 20, 2007), at *4 (exercising supplemental jurisdiction over state-law wage and hour claims).

Since there is no ground for declining the exercise of supplemental jurisdiction over their D.C. overtime claims, Plaintiffs respectfully request that the Court exercise its supplemental jurisdiction over these claims.

**B.    The Court Has Discretion To Conditionally Certify The Class In Order To Provide Notice.**

This action was filed as a collective action to recover unpaid overtime on behalf of all similarly situated employees of Defendant employed since July, 2004. The FLSA provides:

> An action to recover the liability prescribed . . . may be maintained against any employer  . . . by anyone or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in this Court in which such an action is brought.

29 U.S.C. § 216(b). These statutes provide a special statutory class action device, separate and apart from class actions under Rule 23 of the Federal Rules of Civil Procedure, for the filing of actions for similarly situated employees to enforce the provisions of the Act. *See generally Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). "This unique cause of action, known as a 'collective action,' is not subject to the numerosity, commonality, and typicality requirements of a class action under Rule 23." *Hunter v. Sprint Corp.*, 346 F.Suppp.2d 113, 117 (D.D.C. 2004).

In order for a similarly-situated employee to be given a meaningful opportunity to opt in, the employee must be given notice that this action has been filed. This is particularly true where similarly situated employees perform their work at various commercial buildings throughout the Metro-DC area. The Supreme Court has considered the special problems of notifying class members of actions brought under Section 216 and held that it is appropriate for district courts to facilitate notice to potential plaintiffs. *Hoffman-LaRoche,* 493 U.S. at 169-170. The Court noted that court invention in the notice process is proper, and possibly even necessary. *Id.* 493 U.S. at 167-71. The *Hoffman-LaRoche* court noted, "the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id.* at 170-71.

Courts have taken an *ad hoc* approach to collective actions under the FLSA. *Chase v. AIMCO Properties, L.P.*, 374 F.Supp.2d 196, 200 (D.D.C. 2005). Courts will conditionally certify an FLSA action in order to provide notice to potential employee plaintiffs, upon a "'modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Hunter*

*v. Sprint Corp.*, 346 F.Supp.2d 113, 117 (D.D.C. 2004) (*cit. om.*).  "If the plaintiff is able to

make that showing, the class is 'conditionally certified' and the members of the class are

given notice of the collective action and an opportunity to 'opt in' to the litigation." *Id.,*

*citing Cameron-Grant v. Maxim Healthcare Servs.*, 34 F.3d 1240, 1243 n.2 (11th Cir.

2003).

Such a showing can be based solely on the pleadings of the named plaintiffs.  *Chase*,

374 F.Supp.2d at 200.  Indeed, as Judge Robertson noted in *Chase*, there is "little prejudice"

to granting a motion to give notice to potential plaintiff employees, even where the record

evidence does not fully support plaintiff's theories that the FLSA has been violated:

> Even if a collective action is not ultimately certified, the process of allowing
> individual AIMCO workers to lodge their claims in a forum where they can be
> recognized, evaluated, and possibly settled, is consistent with the policy choice
> Congress made when it created the FLSA right of action.

374 F.Supp.2d at 201.

Conditional certification is appropriate where plaintiffs have put forth a common

legal theory as to why each member of the class is entitled to relief, and thus are similarly

situated.  *Hunter*, 346 F.Supp.2d at 119.  For example, a plaintiff can meet the showing

required if he can show that the employees worked in the same corporate department,

division and location; all advance similar claims; and all seek substantially the same form of

relief. *Id., citing Lawrence v. City of Philadelphia*, 2004 WL 945139, at *1 (E.D.Pa. 2004).

Here, Plaintiffs' Complaint satisfies the modest factual showing necessary for the

class to be conditionally certified.  Plaintiffs have alleged that the employees in the FLSA

class are all non-exempt employees performing cleaning work for Defendant in the Metro-

DC area.  All of these employees are subject to uniform payroll policies, and Defendant has

a centralized payroll operation for all its non-exempt employees.  They all advance similar

claims for unpaid overtime, and they all seek the same form of relief:  back wages,

liquidated damages and attorneys' fees.  Defendant can show no prejudice from a

conditional certification, since it benefits as well from having the overtime claims of all

similarly situated employees dispensed of in this action.  *Chase*, 374 F.Supp.2d at 201.

**C.    The Court Has Discretion To Conditionally Certify the D.C. Class.**

Like the FLSA, the District of Columbia's overtime law also requires similarly

situated employees to "opt in" in order to benefit from or be bound by any court judgment.

Section 32-1012(b) of the Minimum Wage Act Revision Act provides, "No employee shall

be a party plaintiff to any action brought under this subchapter unless the employee gives

written consent to become a party and the written consent is filed in the court in which the

action is brought."

Because the same "opt in" requirement applies to the D.C. overtime claim as to the

FLSA overtime claim, it is appropriate for the Court to conditionally certify the D.C.

overtime class as well, so that one notice can be sent to employees addressing both claims.

**D.    The Court Has Discretion To Order Defendant To Provide Employee Names And Addresses And To Post The Notice.**

It is within a court's discretion to order a defendant to produce the names and

addresses of all employees in the class in order to facilitate notification to potential

plaintiffs.  In *Hunter*, Judge Bates recognized that the Supreme Court in *Hoffman-*

*LaRouche* "authorized district courts, in their discretion, to order a defendant to produce the

names and addresses of putative class members in a collection action." *Hunter*, 346

F.Supp.2d at 121. Plaintiffs respectfully ask the Court to exercise its discretion as Judge

Bates did inn *Hunter*, and order Defendant to produce the names and last-known mailing

addresses of all non-exempt employees in its employ since July 2004.

Plaintiffs also ask the Court to order Defendant to post the notice in all of its

workplaces, in the same areas in which it is required to post government-required notices.

This will ensure that current employees receive notice of the lawsuit, even if they have not

kept their addresses up to date in Defendant's records.

### E.     The Notice Plaintiffs Propose Is Appropriate.

Plaintiffs submit that the notice they propose is both proper and necessary to

adequately inform the class members of the action. It addresses only the FLSA and D.C.

overtime claims, and makes clear that the Court has not yet taken a position on the merits of

the claims.

Plaintiffs bring this motion because they cannot proceed with their class action in the

usual manner under Rule 23, since similarly-situated employees must affirmatively "opt in"

to the lawsuit in order to receive benefit from the Court's judgment or be bound by it. Any

delay in the notice or the time for opting in works to the Defendant's benefit because the

statutes of limitations under the FLSA is not tolled when the lawsuit is filed but, rather,

when each individual employee files a consent to join the action. 29 U.S.C. § 255(a).

Plaintiffs have alleged and expect to prove that Defendant's violations of the FLSA

were willful, extending the statute of limitations to three years. However, the general

statute of limitations for violations of the FLSA's overtime provisions were willful is not

proved is two years. The statute of limitations is rapidly approaching, and continues to run against similarly situated employees until they opt in. Accordingly, prompt and timely notice to the potentially similarly situated employees is required to protect the rights and interests of all class members.

## III. CONCLUSION

Plaintiffs respectfully submit that Court involvement in providing notice to potential class members serves judicial economy by avoiding disputes between the parties regarding the notice and the manner in which additional employees join the action and will protect the rights of potential class members and carry out the remedial purposes of the FLSA and the D.C. overtime law. Moreover, the notice provided by the named Plaintiffs is informative and accurate and should be approved.

Dated: July 9, 2007                    Respectfully submitted,

                                       **D.C. EMPLOYMENT JUSTICE
                                         CENTER**
                                       Arthur P. Rogers (DC Bar 390844)
                                       727 15 Street NW, 2nd Floor
                                       Washington, DC 20005
                                       Tel: (202) 828-9675
                                       Fax: (202) 828-9190

                                       **DAVIS, COWELL & BOWE, LLP**
                                       George R. Murphy (DC Bar 75200)
                                       Mark Hanna (DC Bar 471960)
                                       Joni S. Jacobs (DC Bar 493846)
                                       1701 K Street NW, Suite 210
                                       Washington, DC 20006
                                       Tel: (202) 223-2620
                                       Fax: (202) 223-8651

                                       By ___/s/ Mark Hanna_____
                                            Mark Hanna (DC Bar 493846)

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 9th day of July, 2007, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system. I further certify that on the same date I caused the foregoing to be mail to Defendant as the following address:

P & R Enterprises, Inc.                 P & R Enterprises, Inc.
5681 Columbia Pike, Suite 101           c/o Corporation Service Company
Falls Church, VA 22041                  1090 Vermont Avenue, NW
                                        Washington, DC 20005


_____/s/ Mark Hanna_____
        Mark Hanna

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARLOS CASTILLO, et al., | ) | Case No. 07-cv-1195 (CKK) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| P & R ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF PENDING CLASS ACTION

TO:  All workers who were employed by P & R Enterprises, Inc. (we will refer to this company as "Defendant") cleaning buildings at any time since July 1, 2004 to the present.

1.     <u>What is this notice about?</u>

The purpose of this Notice is to tell you about a collective lawsuit in which you may be eligible to become a member, to tell you of how your rights may be affected by this lawsuit, and to give you information about how to join the lawsuit if you wish to do so.

2.     <u>What is the lawsuit about?</u>

Carlos Castillo and Carlos Flores (we will call them "the Plaintiffs") worked for Defendant in the District of Columbia between July 1, 2004 and November, 2006. They have sued the Defendant, claiming, among other things, that:

> Defendant failed to pay them overtime wages equal to one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek.  For example, if an employee's regular rate of pay was $10.00/hour, they should have been paid $15.00/hour for hours they worked over 40 in a workweek.

They seek to be paid for the overtime they worked, plus an equal amount of money as liquidated damages, plus their attorneys' fees and costs.



1

Plaintiffs contend that Defendant violated two laws by not paying overtime: the federal Fair Labor Standards Act ("FLSA") and the District of Columbia's Minimum Wage Act Revision Act ("DC-MWA").

Plaintiffs bring these claims as a collective action. This means they have brought the lawsuit for themselves and for all other workers who are "similarly situated" to them in terms of these claims.

For the federal FLSA overtime claim, workers who are "similarly situated" are those who were employed by Defendant to clean buildings since July 1, 2004 and the present, and who were not paid time and one-half for the hours they worked over 40 in a workweek. This includes employees who cleaned buildings in Maryland and Virginia, as well as in the District of Columbia.

For the DC-MWA overtime claim, workers who are "similarly situated" are those who were employed by Defendant to clean buildings in the District of Columbia since July 1, 2004 and the present and who were not paid time and one-half for the hours they worked over 40 in a workweek.

Defendant will argue to the Court that it complied in full with all applicable laws and deny any wrongdoing and/or liability to Plaintiffs or any other past or present employee.

The Court has not made any rulings on whether the Plaintiffs or Defendant are right. Nothing in this Notice should be understood as a statement about who the Court believes is right or may be right. That decision has not been made and will be made only after further proceedings.

3.    Why did I get this notice?

You received this notice because the lawyers for Plaintiffs and/or Defendant have information that indicates that you are potentially a class member in this case, either for the federal FLSA overtime claims or for the DC-MWA overtime claims.

If you know other employees who worked for Defendant cleaning buildings at any time since July 1, 2004, and did not get a copy of this Notice, you may tell them to call the Plaintiffs' lawyers at (202) 828-9675 ext. 18 to get a copy of this notice.

4.    What are the decisions that I need to make?

If you believe you worked more than 40 hours in a workweek for Defendant and were not paid one and one-half your regular rate of pay for the hours you worked over 40, you may have an overtime claim against Defendant.

You may joint this lawsuit – that is, you may "opt in" – as long as you complete and mail a "Consent to Join Action" form on or before _____, 2007. A Consent to Join Action form is enclosed, and you can obtain additional copies from Plaintiffs' lawyers at the addresses below.

There is a two-year statute of limitation on any claim you may have for unpaid overtime under the federal FLSA. This time may be extended to three years if Plaintiffs can prove that the Defendant's violation of the FLSA was willful. Willful means that the Defendant knew or should have known that it was required to pay overtime wages, but failed to do so.

If you were employed by Defendant in the District of Columbia, there is a three-year statute of limitations on any claim you may have for unpaid overtime under the DC-MWA.

The statute of limitations means that you can only recover overtime that Defendant failed to pay you in the two or three years before you filed suit. If you join this lawsuit, you will be eligible to recover any unpaid overtime back to two or three years from the date your Consent to Joint Action form is filed in court.

If you sign the Consent to Join Action, you will be a Plaintiff in the case. In addition to any unpaid overtime, you may be eligible to seek damages, called "liquidated damages" equal to two-times any unpaid overtime wages. As a Plaintiff, you may have to answer questions about your overtime claim and you may have to testify at a deposition or in court.

If you do not want to be a Plaintiff in this case, you do not need to anything. You will not be affected either way by any decisions the Court makes about whether Defendant violated the law.

If you choose not to join this suit, you are free to file your own lawsuit. If you do not join this lawsuit, the statute of limitations will continue to run against any overtime claim you may have, until the time that you bring a lawsuit yourself. For example, if you decide to file your own lawsuit and you wait until November 2007 to file your lawsuit, you will only be able to collect unpaid overtime from November 2005 until the present, or until the time you stopped working for Defendant, or from November 2004 if you worked in the District of Columbia or if the court decided Defendant willfully violated the federal FLSA.

5.    What are my protections against retaliation?

It is against the law for anyone to retaliate against any potential "class member" for exercising his or her rights in this case. **If you think anyone has retaliated against you,**

**or has threatened to retaliate in any way, call the D.C. Employment Justice Center immediately at (202) 828-9675, ext. 18**.

6.    <u>Who will represent me if I join the lawsuit?</u>

If you choose to join this lawsuit, your interests will be represented by the Plaintiffs through their attorneys as counsel for the class.  The counsel for the class are:

| | |
|---|---|
| Arthur P. Rogers | Mark Hanna |
| D.C. EMPLOYMENT JUSTICE CENTER | Joni S. Jacobs |
| 727 15th Street, NW, 2nd Floor | DAVIS, COWELL & BOWE, LLP |
| Washington, DC 20005 | 1701 K Street, NW, Suite 210 |
| Tel. (202) 828-9675 ext. 18 | Washington, DC 20006 |
| | Tel. (202) 223-2620 |

7.    <u>What should I do if my address changes?</u>

**CONTACT THE ATTORNEYS ABOVE IF YOU CHANGE YOUR ADDRESS.**
Without a current address, it may not be possible to keep you informed of developments in the case.

8.    <u>Who can I contact if I want further information?</u>

If you have questions about the settlement or need help understanding this Notice, you can contact the D.C. Employment Justice Center by writing or calling:

D.C. EMPLOYMENT JUSTICE CENTER
727 15th Street, NW, 2nd Floor
Washington, DC 20005
Tel. (202) 828-9675, ext. 18

**<u>DO NOT</u> CALL THE COURT OR THE CLERK OF THE COURT.**

**PERMISSION TO CONTACT YOU HAS BEEN GRANTED BY THE UNITED STATES DISTRICT COURT.  HOWEVER, THE COURT TAKES NO POSITION ON WHETHER PLAINTIFFS OR DEFENDANT ARE RIGHT.**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CARLOS CASTILLO, et al.,     )    Case No. 07-cv-1195 (CKK)
                        )
          Plaintiffs,    )
                        )
v.                       )
                        )
P & R ENTERPRISES, INC.,    )
                        )
          Defendant.    )

### CONSENT TO JOIN ACTION

(Only complete and mail this form if you want to be a Plaintiff and sue the Defendant under the federal FLSA and/or the DC-MWA.  If you do not submit this form in a timely manner, you will not be able to pursue claims.  If you choose this option, you will be a Plaintiff in the case.  By becoming a Plaintiff, you may be eligible to seek damages, called "liquidated damages" equal to two-times any unpaid overtime wages.  While the suit is proceeding, you may be required to provide information, sit for depositions, and testify in court.)

**MY NAME:** _____

**MY ADDRESS:** _____

_____

**MY TELEPHONE NUMBER (if any):** _____

___    I hereby agree and consent to be a party plaintiff in a lawsuit under the overtime and minimum wage provisions of the Fair Labor Standards Act with respect to my labor with P & R Enterprises, Inc.

___    I hereby agree and consent to be a party plaintiff in a lawsuit under the overtime and minimum wage provisions of the District of Columbia Minimum Wage Act Revision Act with respect to my labor with P & R Enterprises, Inc., in the District of Columbia.  **(Note:  Only check this box if you cleaned buildings in the District of Columbia since July 1, 2004.)**

_____      _____
Signature                        Date

**IF YOU CHOOSE TO PARTICIPATE, PLEASE RETURN THIS TO THE FOLLOWING ADDRESS BY _____.**

D.C. EMPLOYMENT JUSTICE CENTER
727 15th Street, NW, 2nd Floor
Washington, DC 20005

**CORTE DEL DISTRITO DE LOS ESTADOS UNIDOS**

**PARA EL DISTRITO DE COLUMBIA**

| | | |
|---|---|---|
| CARLOS CASTILLO, et al., | ) | Caso No. 07-cv-1195 (CKK) |
| | ) | |
| Demandantes, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| P & R ENTERPRISES, INC., | ) | |
| | ) | |
| Demandado. | ) | |

**ANUNCIO PENDIENTE DE UNA DEMANDA COLECTIVA**

PARA:  Todos los trabajadores quienes fueron empleados por P & R Enterprises, Inc. (nos referiremos a esta compañia como "Demandado") para limpiar edificios en cualquier momento desde 1 de julio del 2004 a la presente fecha.

1.    ¿Qué es este anuncio?

El proposito de éste Anuncio es para hacerle saber de una demanda colectiva o de grupo, en la cual usted podría ser considerado como miembro del grupo, y hacerle saber, cómo es que sus derechos podrían estar afectados por esta demanda, y adicionalmente darle información acerca de cómo juntarse a esta demanda si usted lo desea.

2.    ¿De qué es la demanda?

Carlos Castillo y Carlos Flores (aquí los llamaremos "demandantes") trabajaron para él Demandado en el Distrito de Columbia entre el 1 de julio del 2004 y noviembre del 2006. Ellos han enjuiciado al Demandado, reclamando, entre otras cosas, que:

El Demandado incumplio pagarles a ellos por horas extras igual a tiempo y medio de la tarifa regular de pago por todas las horas trabajadas que excedieron las 40 horas de trabajo semanal. Por ejemplo, sí la tarifa de pago regular fue de $10.00/por hora, ellos deberían haber sido pagados $15.00/por hora por cada hora que ellos trabajaron sobre las 40 horas de trabajo semanal.

1

Ellos buscan ser pagados por las horas extras trabajadas, más una cantidad de dinero igual en "Daños por Impunidad", adicionando el costo por honorarios legales.

Los Demandantes contienden que el Demandado violó dos leyes al no pagar horas extras: Primero, el Acta Federal de Estandares Laborales ("FLSA") y segundo: El Acta de Revisión de Sueldo Mínimo del Distrito de Columbia ("DC-MWA").

Los Demandantes presentan éste reclamo como una Demanda Colectiva o de Grupo. Esto quiere decir que ellos han ejecutado la demanda por ellos mismos y por todos los trabajadores quienes están "similarmente situados" a ellos en términos de este reclamo.

Por el reclamo de horas extras bajo la ley federal FLSA, los trabajadores que están "similarmente situados" son aquellos quienes fueron empleados por el Demandado para limpiar edificios desde el 1 de julio del 2004 y a la presente fecha, y quienes no fueron pagados tiempo y medio por las horas trabajadas sobre las 40 horas semanales. Esto incluye empleados quienes limpiaron edificios en Maryland y Virginia, como también en el Distrito de Columbia.

Por el reclamo de horas extras bajo el DC-MWA, los trabajadores que están "similarmente situados" son aquellos que fueron empleados por el Demandado para limpiar edificios en el Distrito de Columbia desde el 1 de julio del 2004 y a la presente fecha, y quienes no fueron pagados tiempo y medio por horas extras trabajadas sobre las 40 horas semanales.

El Demandado argumentará en la Corte que el cumplió completamente con todas las leyes establecidas, y negará cualquier acción mala y/o cualquier responsabilidad con los Demandantes o cualquier empleado que actual o anteriormente trabajó para él.

La Corte no ha tomado ninguna desción, sea que los Demandantes o el Demandado tienen la razón. Nada en éste Anuncio deberá ser tomado como una declaración si la Corte cree que esto sea correcto o errado. La desción no se ha hecho todavia y será hecha sólo cuando el caso continue con los procedimientos en curso.

3.    ¿Porqué recibí éste anuncio?

Usted recibió éste anuncio porque los abogados que representan a los Demandantes y/o Demandado tienen información que indica que usted es potencialmente un miembro de grupo en este caso, sea que usted esté bajo la ley federal FLSA por reclamos de horas extras o bajo la ley DC-MWA por reclamos de horas extras.

Sí usted conoce de quién trabajó por el Demandado limpiando edificios en cualquier momento desde el 1 de julio del 2004, y no recibió una copia de éste Anuncio, usted puede decirles que llame a los abogados de los Demandantes al (202) 828-9675 ext. 18 para recibir una copia de éste Anuncio.

4.    ¿Cuáles son las desciciones que necesito hacer?

Sí usted cree que trabajó por más de 40 horas a la semana para el Demandado y no fue pagado tiempo y medio sobre la tarifa regular trabajada sobre las 40 horas, usted podría tener un reclamo de horas extras en contra del Demandado.

Usted podría juntarse a este juicio – es decir, usted puede "opt in" (optar en)– tanto como usted complete y envíe un forma de "Consentimiento de Acción Conjunta" en o antes del _____ del 2007. Una forma de Consentimiento de Acción Conjunta es cerrada, y usted puede optener copias adicionales de los abogados del los Demandantes en la dirección debajo.

Hay un estatuto de limitación de dos-años por horas extras no pagadas bajo la ley federal del FLSA. Este plazo puede extenderse a tres años si los Demandantes pueden provar que los Demandados violaron intencionalmente la ley del FLSA. Intencionalmente quiere decir que el Demandado sabía o debería de haber sabido que era necesario pagar sueldos por horas extras, pero incumplió al no hacerlo.

Si usted fue empleado por el Demandado en el Distrito de Columbia, hay un estatuto de limitación de tres-años por cualquier reclamo que usted pueda tener por horas extras no pagadas bajo la ley del DC-MWA.

El estatuto de limitaciones quiere decir que usted sólo puede recobrar por horas extras que el Demandado incumplió pagarle dentro de los dos o tres años antes de haber hecho la demanda. Sí usted se junta a este juicio, usted sería elegible a recuperar cualquier horas extras atrasadas no pagadas de dos o tres años desde la fecha que usted consienta presentar en la corte su forma de Consentimiento de Acción Conjunta.

Si usted firma el Consentimiento de Acción Conjunta, usted sería un Demandante en este caso. Adicional a cualquier de las horas extras no pagadas, usted podría ser elegible a pedir por daños, llamados "Daños por Impunidad" igual a dos veces de la cantidad de cualquier sueldo de horas extras no pagadas. Como Demandante, usted tendría que responder preguntas en relación con su reclamo de horas extras y usted tendría que testificar en una deposición o en la corte.

Si usted no quiere ser un Demandante en este caso, usted no tiene que hacer nada. Usted no estará afectado de ninguna manera en la desción que la Corte haga, sea que el Demandado violó o no, la ley.

Si usted elige no juntarse a este juicio, usted está en la libertad de presentar su propia demanda. Si usted no se junta a este juicio, el estatuto de limitaciones continuará corriendo en contra de cualquier reclamo de horas extras que usted pueda tener, hasta el día que usted presente su propia demanda. Por ejemplo, si usted decide presentar su propia demanda y usted espera hasta noviembre del 2007 para hacerlo, usted sólo estará en la posibilidad de recuperar horas extras no pagadas desde Noviembre del 2005 hasta la presente fecha, o hasta el momento en el que usted dejó de trabajar para el Demandado, o desde Noviembre del 2004 si usted trabajó en el Distrito de Columbia o si la corte decide que el Demandante voluntariamente violó la ley federal FLSA.

5.    ¿Qué me proteje en contra de una replesalia?

Esta en contra de la ley quienesquiera tomar replesalias en contra de cualquier "miembro de grupo" potencial, por ejercer sus derechos en este caso. **Si usted piensa que alguien ha tomado replesalias en su contra, o lo há amenazando con replesalias de alguna forma, llamé al Centro de Justicia en el Trabajo del D.C. al (202) 828-9675, ext. 18.**

6.    ¿Quién me representará si me adjunto a la demanda?

Si usted decide juntarse a la demanda, sus intereses serán representados por los Demandantes a través de sus abogados, como consejeros del grupo. Los consejeros del grupo son:

Arthur P. Rogers
CENTRO DE JUSTICIA EN EL
TRABAJO DEL D.C.
727 15th Street, NW, 2 Piso
Washington, DC 20005
Tel. (202) 828-9675 ext. 18

Mark Hanna
Joni S. Jacobs
DAVIS, COWELL & BOWE, LLP
1701 K Street, NW, Suite 210
Washington, DC 20006
Tel. (202) 223-2620

7.    ¿Qué debo hacer si mi dirección cambia?

**CONTACTE A LOS ABOGADOS ARRIBA MENCIONADOS SI USTED CAMBIA DE DIRECCION.** Sin una dirección actual, no sería posible mantenerle informado de los desarrollos de su caso.

8.    ¿A quién puedo contactar si deseo más información?

Si usted tiene preguntas acerca del acuerdo o del Anuncio, usted puede ponerse en contacto llamando o escribiendo al Centro de Justicia en el Trabajo del D.C. al:

CENTRO DE JUSTICIA EN EL TRABAJO DEL D.C.
727 15th Street, NW, 2nd Floor
Washington, DC 20005
Tel. (202) 828-9675, ext. 18

**NO LLAME A LA OFICINA DEL  ADMINISTRADOR DE LA CORTE.**

**PERMISO PARA CONTACTARLE HA SIDO AUTORIZADA POR LA CORTE DEL DISTRITO DE LOS ESTADOS UNIDOS. SIN EMBARGO, LA CORTE NO TOMA NINGUNA POSICION SEA QUE EL DEMANDANTE O DEMANDADO ESTEN CORRECTOS.**

# CORTE DEL DISTRITO DE LOS ESTADOS UNIDOS

## PARA EL DISTRITO DE COLUMBIA

CARLOS CASTILLO, et al.,      )     Caso No. 07-cv-1195 (CKK)
                            )
          Demandantes,     )
                            )
vs.                           )
                            )
P & R ENTERPRISES, INC.,     )
                            )
          Demandado.      )

## CONSENTIMIENTO DE ACCION CONJUNTA

(sólo complete y envíe éste formato si usted quiere ser Demandante y por lo tanto enjuiciar al Demandado bajo la ley federal FLSA y/o DC-MWA. Si usted no envía éste formato en el tiempo oportuno, usted no estará en la posibilidad de continuar su reclamo. Si usted decide tomar esta opción, usted sería un Demandante en el caso. Al convertirse en Demandante, usted sería elegible a pedir por daños, llamados "Daños por Impunidad" igual a dos veces de cualquier cantidad por sueldo de horas extras no pagadas. Mientras este juicio continue, usted sería requerido proveer información, presentarse a deposiciones, y testificar en la corte.)

**MI NOMBRE:** _____

**MI DIRECCION:** _____

_____

_____

**MI NUMERO DE TELEFONO (Si hay alguno):** _____

\_\_    Por medio de la presente estoy de acuerdo y consiento ser Demandante en el grupo que enjuicia bajo la provisión de horas extras y salario mínimo del Acta de Estandares Laborales Justos, con respecto a mi trabajo en P & R Enterprises, Inc.

6

___ Por medio de la presente consiento ser Demandante en el grupo que enjuicia bajo la provisión de horas extras y sueldo mínimo del Acta de Revisión de Sueldo Mínimo del Distrito de Columbia con respecto a mi trabajo en P & R Enterprises, Inc., en el Distrito de Columbia **(Aviso: Sólo marque si usted limpiaba edificios en el Distrito de Columbia desde el 1 julio del 2004.)**

_____          _____
Firma                                                         Fecha

**SI USTED DESEA PARTICIPAR, POR FAVOR REGRESE ESTE DOCUMENTO A LA SIGUIENTE DIRECCION A MAS TARDAR _____.**

Centro de Justicia en el Trabajo del D.C.
727 15th Street, NW, 2nd Floor
Washington, DC 20005

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CARLOS CASTILLO, et al.,      )     Case No. 07-cv-1195 (CKK)
                         )
            Plaintiffs,     )
                         )
v.                           )
                         )
P & R ENTERPRISES, INC.,    )
                         )
            Defendant.    )
                         )

## [PROPOSED] ORDER

Upon motion of the Plaintiffs to authorize the giving of notice to potential class members on Plaintiffs' overtime claims under the Fair Labor Standards Act, 29 U.S.C. §§ 207, 216, and the District of Columbia Minimum Wage Act Revision Act, D.C. Code §§ 32-1003(c) and 32-1012(b), the Court hereby orders as follows:

1.    Plaintiffs' Proposed Notice is approved for mailing to potential class members.

2.    Defendant shall, within 10 days of the date of this Order, provide to Plaintiffs' counsel the names and addresses of the potential class members as requested by Plaintiffs.

3.    Defendant shall, within 10 days of the date of this Order, post the Notice at all work locations where it posts other employment-related notices required by state or federal law.

4.    To join this action, a potential plaintiff's consent must be filed with the Court within 90 days from the date that notice was mailed to that person.

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 9th day of July, 2007, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system.  I further certify that on the same date I caused the foregoing to be mail to Defendant as the following address:

P & R Enterprises, Inc.                P & R Enterprises, Inc.
5681 Columbia Pike, Suite 101          c/o Corporation Service Company
Falls Church, VA  22041                1090 Vermont Avenue, NW
                                       Washington, DC  20005


_____/s/ Mark Hanna_____
Mark Hanna