IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS CASTILLO, et al., | ) |
| Plaintiffs, | ) Civil Action No. 1:07-cv-01195 CKK |
| v. | ) |
| P & R ENTERPRISES, INC., | ) |
| Defendant. | ) |

## ANSWER

Defendant, P&R Enterprises ("Defendant"), by its undersigned attorneys, hereby answers Plaintiffs' Complaint as follows:

### INTRODUCTION

1. In answering paragraph 1 of Plaintiffs' Complaint, Defendant admits that Plaintiffs are bringing an action under the laws identified in paragraph 1 and seeking the recovery described therein, but denies that it has engaged in any illegal activity as alleged in Plaintiffs' Complaint.

### JURISDICTION AND VENUE

2. In answering paragraph 2 of Plaintiffs' Complaint, Defendant admits that Plaintiffs claim that jurisdiction is proper in this Court pursuant to the laws identified in paragraph 2, but denies that it has engaged in any illegal activity as alleged in Plaintiffs' Complaint.

3. In answering paragraph 3 of Plaintiffs' Complaint, Defendant admits that Plaintiffs claim that venue is proper in this Court, but denies that it has engaged in any illegal activity as alleged in Plaintiffs' Complaint.

## PARTIES

4. In answering paragraph 4 of Plaintiffs' Complaint, Defendant is without sufficient knowledge and/or information to admit or deny, and thus denies, the allegations contained therein.

5. In answering paragraph 5 of Plaintiffs' Complaint, Defendant admits that its principal place of business is in Falls Church, Virginia and that it conducts business in the District of Columbia. Defendant further admits that it provides janitorial services to many large commercial real estate companies. Because Plaintiff characterizes rather than quotes from the statements on Defendant's website, Defendant denies the allegations contained in the last sentence of paragraph 5 of Plaintiffs' Complaint. Defendant denies the remaining allegations contained in paragraph 5 of Plaintiffs' Complaint.

6. The allegations contained in paragraph 6 of Plaintiffs' Complaint set forth a legal conclusion and therefore do not require a response.

7. The allegations contained in paragraph 7 of Plaintiffs' Complaint set forth a legal conclusion and therefore do not require a response.

8. The allegations contained in paragraph 8 of Plaintiffs' Complaint set forth a legal conclusion and therefore do not require a response.

9. In answering paragraph 9 of Plaintiffs' Complaint, Defendant denies that Plaintiffs were employed as "porters assigned to clean the commercial real estate of Defendant's

clients." The remaining allegations contained in paragraph 9 of Plaintiffs' Complaint set forth a legal conclusion and therefore do not require a response.

10. In answering paragraph 10 of Plaintiffs' Complaint, Defendant denies the allegations contained in the first sentence therein. Defendant is without sufficient knowledge and/or information to admit or deny, and thus denies, the remaining allegations contained in answering paragraph 10 of Plaintiffs' Complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

11. Defendant admits the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12. Defendant denies the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13. Defendant denies the allegations contained in the first sentence of paragraph 13 of Plaintiffs' Complaint, but admits the remaining allegations contained therein.

14. Defendant denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. Defendant denies the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. Defendant admits the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. Defendant denies the allegations contained in the second sentence of paragraph 17 of Plaintiffs' Complaint.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19. Defendant denies the allegations contained in paragraph 19 of Plaintiffs' Complaint as stated.

20. Defendant admits the allegations contained in paragraph 20 of Plaintiffs' Complaint.

## FIRST CAUSE OF ACTION

21. In answering paragraph 21 of Plaintiffs' Complaint, Defendant incorporates by reference its answers to each of the preceding paragraphs of Plaintiffs' Complaint as if fully set forth herein.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23. The allegations in paragraph 23 of Plaintiffs' Complaint set forth a legal conclusion and therefore do not require a response.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26. Defendant denies the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27. Defendant denies the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

DC1 30204706.1

29.     Defendant denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.     Defendant denies the allegations contained in paragraph 31 of Plaintiffs' Complaint.

## SECOND CAUSE OF ACTION

32.     In answering paragraph 32 of Plaintiffs' Complaint, Defendant incorporates by reference its answers to each of the preceding paragraphs of Plaintiffs' Complaint as if fully set forth herein.

33.     Defendant denies the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.     The allegations in paragraph 34 of Plaintiffs' Complaint set forth a legal conclusion and therefore do not require a response.

35.     Defendant denies the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.     Defendant denies the allegations contained in paragraph 36 of Plaintiffs' Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.     Plaintiffs' Complaint does not contain a paragraph 38.

39.     Defendant denies the allegations contained in paragraph 39 of Plaintiffs' Complaint.

DC1 30204706.1

40. Defendant denies the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41. Defendant denies the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42. Defendant denies the allegations contained in paragraph 42 of Plaintiffs' Complaint.

43. Defendant denies the allegations contained in paragraph 43 of Plaintiffs' Complaint.

## THIRD CAUSE OF ACTION

44. In answering paragraph 44 of Plaintiffs' Complaint, Defendant incorporates by reference its answers to each of the preceding paragraphs of Plaintiffs' Complaint as if fully set forth herein.

45. Defendant denies the allegations contained in paragraph 45 of Plaintiffs' Complaint.

46. Defendant denies the allegations contained in paragraph 46 of Plaintiffs' Complaint.

47. The allegations in paragraph 47 of Plaintiffs' Complaint set forth a legal conclusion and therefore do not require a response.

48. Defendant denies the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49. Defendant denies the allegations contained in paragraph 49 of Plaintiffs' Complaint.

DC1 30204706.1

50. Defendant denies the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51. Defendant denies the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52. Defendant denies the allegations contained in paragraph 52 of Plaintiffs' Complaint.

## CLASS ACTION ALLEGATIONS

53. Defendant denies the allegations contained in paragraph 53 of Plaintiffs' Complaint.

54. Defendant denies the allegations contained in paragraph 54 of Plaintiffs' Complaint.

55. Defendant denies the allegations contained in paragraph 55 of Plaintiffs' Complaint.

56. Defendant denies the allegations contained in paragraph 56 of Plaintiffs' Complaint.

57. Defendant denies the allegations contained in paragraph 57 of Plaintiffs' Complaint.

58. Defendant denies the allegations contained in paragraph 58 of Plaintiffs' Complaint.

59. Defendant denies the allegations contained in paragraph 59 of Plaintiffs' Complaint.

DC1 30204706.1

60. In answering paragraph 60 of Plaintiffs' Complaint, Defendant is without sufficient knowledge and/or information to admit or deny, and thus denies, the allegations contained therein.

61. Defendant denies the allegations contained in paragraph 61 of Plaintiffs' Complaint.

62. Defendant denies the allegations contained in paragraph 62 of Plaintiffs' Complaint.

63. Defendant denies the allegations contained in paragraph 63 of Plaintiffs' Complaint.

64. Defendant denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief, including subparagraphs 1 - 7 of the Prayer for Relief, or any other relief.

65. All other allegations set forth in Plaintiffs' Complaint that have not heretofore been admitted or denied are hereby specifically and fully denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant sets forth the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

1. Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. In whole or in part, Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred, in whole or in part, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts and omissions were not a violation of the FLSA and interpretations of the FLSA.

4. Defendant states, in the alternative if necessary, that if, in fact, it failed to pay any nonexempt employee(s) for work in excess of 40 hours in a workweek, the uncompensated time is *de minimis*.

5. Subject to proof through discovery, Defendant states, in the alternative if necessary, that even if it has in fact failed to pay individuals for any of the activities alleged in Plaintiffs' Complaint, such activities do not constitute compensable work under the FLSA, and furthermore, such activities were not an integral and indispensable part of Plaintiffs' principal activities of employment and are not compensable.

6. This Court lacks subject matter jurisdiction over Plaintiffs' claims on the grounds that there is an insufficient amount in controversy.

7. Defendant expressly denies that any of its employees, officers, or agents acted in any manner that would constitute a violation of the FLSA; however, if Plaintiffs' rights were violated, any such violation occurred outside the scope of employment and without the consent of Defendant. Defendant did not and does not authorize, condone, ratify or tolerate violation of the FLSA, but instead prohibited and prohibits it, and any such conduct may not be attributed to Defendant through principles of agency, respondeat superior or otherwise.

8. If Plaintiffs have sustained any damages, although such is not admitted hereby or herein and is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all appropriate amounts against any judgment that may be entered against Defendant.

9. Defendant specifically reserves the right to amend this Answer by adding additional affirmative defenses and/or counterclaims as additional investigation, discovery and circumstances may warrant.

DC1 30204706.1

WHEREFORE, Defendant prays that:

1.    Plaintiffs' Complaint be dismissed with prejudice in its entirety and that judgment be entered in Defendant's favor.

2.    Plaintiffs take nothing by Plaintiffs' Complaint.

3.    The Court deny Plaintiffs' requested relief.

4.    The Court award Defendant its costs and attorneys' fees.

The Court award Defendant such further relief as it deems just and proper.

Respectfully submitted,

By /s/ Karla Grossenbacher
Karla Grossenbacher  (Bar #442544)
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
(202) 463-2400

Attorneys for Defendant

Dated:    August 13, 2007