UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS CASTILLO, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:07–cv–01195 CKK |
| ) | |
| v. ) | |
| ) | |
| P & R ENTERPRISES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MOTION TO EXTEND TIME TO BRING MOTION FOR CLASS
CERTIFICATION OF STATE-LAW UNPAID WAGES CLAIM**

Plaintiffs hereby respectfully request an extension of time of 90 days, up to and including January 21, 2008, to bring their motion to certify a class for their Third Cause of Action alleging violations of the District of Columbia Wage Payment and Wage Collection Act, D.C. Code § 32-1301 *et seq.*  Alternatively, Plaintiffs request that the Court grant an extension of time, and resolve at the scheduling conference the briefing schedule for the class certification motion.

As required by Local Civil Rule 7(m), Plaintiffs conferred with Defendant's counsel regarding this motion, and sought Defendant's consent to the extension of time. As of the filing of this Motion, Defendant's counsel has not informed Plaintiffs' counsel of her position on the motion, because she has been unable to communicate with her client to learn its position on the extension.

/ / /

/ / /

1

**I.    PROCEDURAL HISTORY**

The Complaint in this matter was filed July 2, 2007.  [Dckt. #1]  The Complaint and the Motion for Notice were both served on Defendant on July 9, 2007.  [Dckt. #4]  Defendant requested, and Plaintiffs consented to, a two-week extension of time to respond to the Complaint.  [Dckt. Entry 7/23/07]   Defendant subsequently filed its Answer on August 13, 2007.  [Dckt. #5]  On September 18, 2007, the Court set the initial scheduling conference for October 16, 2007.  [Dckt. #11]  Defendant requested, and Plaintiffs consented to, a one-week continuance of the initial scheduling conference, which is now set for October  23, 2007.  [Dckt. #13, Dckt. Entries 9/26/07]

**II.    ARGUMENT**

Local Civil Rule 23.1(b) requires that a motion for class certification be filed "[w]ithin ninety (90) days of the filing of a complaint in a case sought to be maintained as a class action, unless the court in the exercise of its discretion has extended this period."  Absent the extension Plaintiffs seek, the motion for class certification would be due on or before October 1, 2007.  Here, there is good cause for the Court to exercise its discretion and extend the time for Plaintiffs to bring their motion for class certification.

Federal Rule of Civil Procedure 26(d) prohibits a party from propounding discovery, without agreement of the opposing party, prior to the Rule 26(f) meeting of the parties.  *See also* LCvR 26.2(a).  The date of the Rule 26(f) meeting is tied to the date of the initial scheduling conference, which was not ordered here until September 18, 2007— 78 days into the 90-day period set in Local Rule 23.1(b)—and which was scheduled originally for October 16, now rescheduled for October 23.

The parties have not yet had a chance to hold their Rule 26(f) meeting, or to discuss a proposed discovery plan and scheduling order for the case, including the schedule for bringing and responding to the class certification motion. Thus, the opening of the discovery period has yet to occur, and will not occur within the 90-day period for bringing the class certification motion.

Plaintiffs have been diligently pursuing this litigation. Only a week after filing the Complaint, Plaintiffs filed and served their motion for notice to potential plaintiffs relating to Plaintiffs' overtime claims alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the District of Columbia Minimum Wage Act Revision Act, D.C. Code § 32-1001 *et seq.* [Dckt. #2] Defendant sought, and Plaintiffs consented to, an extension of time up to September 7, 2007, to respond to the motion for notice. [Dckt. #6 and Dckt. Entry 8/20/07] That motion is now fully briefed and awaiting the Court's decision.

No discovery has yet occurred in this case. Even if Plaintiffs had been able to open discovery early on the state-law unpaid wages claim, it will be more efficient for discovery on all claims, including the federal and state-law overtime claims, to be conducted at the same time, as much of the evidence to be discovered will be relevant to all three claims. It would unduly prejudice Plaintiffs to deny them the opportunity to bring a class certification motion before they have had an opportunity to conduct discovery necessary to develop evidence to support the motion.

Defendant will not be prejudiced by the requested extension of time. The opening of discovery was delayed at least in part by Defendant's request to extend the time to file

its Answer, which delayed the setting of the initial scheduling conference necessary to trigger the opening of the discovery period.  Defendant has been on notice since the filing of the Complaint that Plaintiffs intended to pursue class certification of their state-law unpaid wages claim.

In *Cryer v. Intersolutions, Inc.*, 2007 WL 1191928, *6 (D.D.C. 2007), Judge Sullivan granted a 90-day extension of time to file for class certification of a pendent state-law wage claim, where the defendant could show no prejudice from the extension, and the granting of the extension of time had little impact on further proceedings.  This was despite the fact that the motion for extension was itself brought outside of the 90-day period set in Rule 23.1(b).  *Id.*   Here, Plaintiffs' motion for an extension is brought within the 90-day period for bringing class certification.  At this early stage of litigation, Defendant can show no prejudice resulting from the extension, and it will not unduly impact any further proceedings before the Court.

### III.    CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court exercise its discretion under Local Rule 23.1(b) and extend the time for bringing the motion for certification of the state-law unpaid wages class.  Plaintiffs request that the Court grant a 90-day extension, up to and including January 21, 2008, as a reasonable period of time.  Alternatively, Plaintiffs request that the Court grant the extension, and set a briefing schedule for the class certification motion at the initial scheduling conference.

Dated: September 28, 2007                              Respectfully submitted,

**D.C. EMPLOYMENT JUSTICE CENTER**
Arthur P. Rogers (DC Bar 390844)
727 15 Street NW, 2nd Floor
Washington, DC  20005
Tel: (202) 828-9675
Fax: (202) 828-9190

**DAVIS, COWELL & BOWE, LLP**
By ___/s/ Mark Hanna_____
George R. Murphy (DC Bar 75200)
Mark Hanna (DC Bar 471960)
Joni S. Jacobs (DC Bar 493846)
1701 K Street NW, Suite 210
Washington, DC  20006
Tel: (202) 223-2620
Fax: (202) 223-8651

Attorneys for Plaintiffs