IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS CASTILLO, <u>et</u> <u>al</u>., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 1:07-cv-01195 CKK |
| ) | |
| v. ) | |
| ) | |
| P & R ENTERPRISES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
<u>PLAINTIFF'S MOTION FOR NOTICE TO SIMILARLY-SITUATED EMPLOYEES</u>

Defendant, P&R Enterprises ("P&R"), by and through its undersigned attorneys, hereby submits this sur-reply memorandum of points and authorities in opposition to Plaintiff's Motion for Notice to Similarly-Situated Employees ("Motion").

<u>ARGUMENT</u>

I.   PLAINTIFFS MUST NOT BE ALLOWED TO EXPAND THE PUTATIVE CLASS
     <u>BEYOND THE SCOPE OF THEIR COMPLAINT</u>

Plaintiffs state for the first time in their reply brief that they are actually seeking to represent a class comprised of all of P&R's non-exempt employees "throughout the Metro-DC area, including those who worked or are working in Maryland and Virginia." Reply at 4. Plaintiffs claim that P&R "misunderstands the scope of the notice Plaintiffs seek" because, in its Opposition, P&R described the putative class to whom Plaintiffs seek to send notice as being comprised of all non-exempt employees who have performed work for P&R in the District of Columbia since June 2004. <u>Id</u>. P&R misunderstands nothing about the scope of the putative class; it is Plaintiffs who need to reread their own Complaint.

Plaintiffs' Complaint clearly states that they are suing on behalf of themselves "and a

class consisting of all persons performing non-exempt work for Defendant in the District of Columbia since June 2004." Complaint ¶ 1. Plaintiffs reiterate in the section of their Complaint entitled "Class Action Allegations" that "[t]he Class consists of all persons employed by Defendant in the District of Columbia since June 2004." Complaint ¶ 54. Plaintiffs assert claims under the federal and District of Columbia wage and hour laws. The Complaint does not contain any reference to employees who work in jurisdictions other than the District of Columbia or assert claims under the laws of Virginia or Maryland. Plaintiffs' attempt to expand the putative class beyond the scope of their Complaint must be rejected.

II.  **PLAINTIFFS MUST ESTABLISH THEY ARE SIMILARLY-SITUATED TO ALL MEMBERS OF THE PUTATIVE CLASS AND HAVE NOT DONE SO**

In their reply brief, Plaintiffs try to make up for their lack of evidence regarding any classwide violations or harm by repeatedly stating that they must only make a "modest factual showing" and satisfy a "lenient standard" in support of their Motion to send notice to putative class members. Reply at 1, 2, 4. However Plaintiffs choose to characterize the relevant standard, one thing is clear: Section 216(b) of the FLSA requires that, before a conditional class may be certified and notice sent, Plaintiffs must demonstrate that the member of the putative class to which it seeks to send notice are similarly-situated to the named Plaintiffs. If they cannot prove that they are similarly-situated, there is no basis upon which the Court can conditionally certify a class.

Apparently, Plaintiffs believe that they are similarly-situated to every current and former employee of P&R in the District of Columbia, Maryland and Virginia. P&R has 1276 employees in the District of Columbia, Maryland and Virginia, and when former employees are

taken into account, the number is substantially higher. Declaration of Carlos Sanchez (II) at ¶ 1.[1]
Plaintiffs claim they are similarly-situated to all employees performing non-exempt work for P&R because (1) P&R allegedly has a companywide policy of not paying overtime and (2) P&R, like most employers, has a hierarchical management structure and an employee handbook.

### A. P&R DOES NOT HAVE A POLICY AGAINST PAYING OVERTIME

Plaintiffs' assertion that P&R has a companywide policy against paying overtime is a prime example of the type of bald allegation -- with no basis in fact -- upon which Plaintiffs rely in their attempt to establish the existence of a companywide putative class. P&R's policy is to pay overtime for hours worked over 40 in a week. P&R's employee handbook plainly provides that "[n]on-exempt employees will be paid time and one-half for authorized hours worked in excess of forty hours in one week." Sanchez Declaration (I) at ¶ 8 and Att. B. Furthermore, P&R has attached as Exhibit 1 to Sanchez Declaration (II) a list of P&R employees by employee number who were paid overtime in July 2007 and the amount of overtime pay they received.[2] This document plainly demonstrates that P&R pays overtime. The number of employees who are entitled to overtime is not large because the vast majority of P&R's employees are part-time and do not work overtime. Out of the 1276 employees working for P&R in the District of Columbia, Maryland and Virginia, 921 of them are part-time. Sanchez Declaration (II) at ¶ 1. Moreover, full-time employees at P&R do not routinely work overtime. As P&R explained in detail in its opening memorandum, if Plaintiffs Castillo and Flores were not paid for all the

---

[1] P&R also submitted a declaration from Mr. Sanchez in support of its Opposition to Plaintiffs' Motion. That declaration will be referred to as "Sanchez Declaration (I)", and the second declaration of Mr. Sanchez submitted with this sur-reply will be referred to as "Sanchez Declaration (II)."

[2] The month of July 2007 was randomly selected for purposes of generating a list that shows that overtime P&R pays to its employees.

3

overtime hours they worked, it was not the result of a companywide policy against paying overtime. Rather, this was a mistake made at the building level where the time cards are reviewed and the hours of work calculated.

      B.    CENTRALIZED MANAGEMENT AND AN EMPLOYEE HANDBOOK DO NOT ENTITLE PLAINTIFFS TO A COMPANYWIDE PUTATIVE CLASS

As for Plaintiffs' argument that a companywide class is appropriate because P&R has a "centralized management structure" and an employee handbook, if this were the test for determining whether a companywide class exists, then every company with a President and an employee handbook would be subject to companywide class actions on any issue. This is certainly not the test. The existence of a centralized management structure in and of itself does not support Plaintiffs' request to conditionally certify a companywide class in this case. Rather, the Court must determine whether there is a centralized mechanism for determining the number of hours worked and the number of hours for which employees are to be paid that has resulted in wage and hour violations. No such a mechanism exists at P&R. At P&R, calculations of hours worked are made at the building level. Plaintiffs have not provided any evidence to rebut P&R's evidence regarding the fact that the hours of work are calculated on a building-by-building basis.

      C.    PLAINTIFFS ARE NOT SIMILARLY-SITUATED TO PART-TIME EMPLOYEES

In addition, Plaintiffs have failed to establish how they are similarly-situated to part-time employees who do not work overtime and do not receive unpaid breaks. Indeed, Plaintiffs state in their reply brief that they "do not seek to include 'part-time' employees in the proposed class." Reply at 11. Thus, it would appear that Plaintiffs concede the point that part-time employees are not similarly-situated to Plaintiffs. Nonetheless, Plaintiffs are still asking this Court to send notice to "all non-exempt janitorial employees, regardless of whether Defendant classified them as full-time or part-time." Reply at 12. Plaintiffs claim it is necessary to send notice to part-time

4

employees because some of them work part-time schedules at two buildings and thus may be entitled to overtime for which they were not compensated.  Plaintiffs cannot have it both ways.

If part-time employees are not similarly-situated to Plaintiffs and thus not properly included in a conditionally certified class, then they are not entitled to receive notice of the lawsuit.  Even if Plaintiffs are correct that some part-time employees work in more than one building and may be paid overtime as a result, this would only be an argument to send notice to part-time employees who work at more than one P&R location -- not all part-time employees.  Moreover, even if a small number of part-time employees are eligible for overtime because they work at more than one building, they are still not similarly-situated to Plaintiffs to the extent they do not receive unpaid breaks and thus such employees cannot join in Plaintiffs' claims that they worked through certain unpaid breaks and were not paid.  See Reply at 7 ("Employee also were required to perform work on their breaks . . . yet they were not paid for this time.").  Accordingly, part-time employees are not appropriately included in the same class with Plaintiffs.

III. PLAINTIFFS' FAILURE TO IDENTIFY ANY ADDITIONAL INDIVIDUALS WHO WISH TO OPT-IN TO THIS LAWSUIT REQUIRES THEIR MOTION BE DENIED

If P&R actually had a companywide policy against paying overtime or if the alleged failure to pay overtime were as widespread as Plaintiffs claim it is, one has to wonder why it is that, four months after filing their Complaint, Plaintiffs have still not managed to find one single current or former employee out of well over 1200 employees to express any interest in joining their lawsuit.  Plaintiff Castillo claims to have worked for P&R for 17 years at a number of locations.  Castillo Declaration. at ¶ 17.  Surely, he must know many current or former P&R employees.  Given this, it is truly remarkable that he and Plaintiff Flores have not been able to find any other people who wish to join their lawsuit.

In their reply brief, Plaintiffs do not even address the line of cases cited by P&R in its

Opposition that hold that plaintiffs seeking conditional certification of a putative class must demonstrate that other employees have been affected by the alleged class violations and wish to join the suit. *See, e.g., Rodgers v. CVS Pharmacy Inc.*, No. 8:05-CV-770-T-27MSS, 2006 WL 752831 at *8 (M.D. Fla. March 23, 2006) ("Plaintiffs' unsupported beliefs and expectations that other *may* desire to opt in are insufficient to justify certification of a collective action and a notice to a potential class."); *Horne v. United Servs. Auto. Ass'n*, 279 F. Supp. 2d 1231, 1236 (M.D. Ala. 2003) (holding that before conditionally certifying an FLSA collective action, "the court must at least satisfy itself that there are other persons who are similarly situated *and who desire to opt-into this case*.") (emphasis added) (citing *Dybach*, 942 F.2d at 1567-68); *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp.2d 1272, 1276-77 (M. D. Ala. 2004) (holding that plaintiffs failed to meet burden where they did not submit affidavits from putative class members, consents to join, or expert evidence). Presumably, Plaintiffs did not address this argument in their reply brief because they have no response.

IV.    P&R WILL BE PREJUDICED BY CONDITIONAL CERTIFICATION OF THE PUTATIVE CLASS

Perhaps the most disturbing argument made by Plaintiffs in their reply brief is that this Court should conditionally certify a companywide class because, in their view, there is no harm in doing so. Plaintiffs are laboring under the misconception that, simply because P&R can file a motion to decertify the class at the close of discovery, it will not be prejudiced by the conditional certification of a class of over 1200 employees. Setting aside the costs associated with preparing and filing a motion to decertify a class that should not have been certified in the first place, P&R would be significantly prejudiced by a premature decision by this Court to conditionally certify the class requested by Plaintiffs. The scope of the class dictates the scope of discovery. If this Court were to conditionally certify a class containing 1200 employees, Plaintiffs will likely issue

6

discovery requests seeking three years worth of time cards and other documentation for each one of those employees. Plaintiffs either do not understand or do not care about the significant cost to P&R in producing and reviewing such voluminous documents. The costs in terms of manpower and other expenses involved in such an effort would be enormous, not to mention the attorneys' fees involved on both sides in reviewing such documents. The decision to trigger such massive discovery obligations should not be made lightly.

V.   THE OBJECTIONS TO PLAINTIFFS' NOTICE SHOULD BE UPHELD

   A.   P&R SHOULD NOT BE REQUIRED TO POST NOTICES AT CLIENT SITES

Plaintiffs ask this Court to require P&R to post notice of this lawsuit in each building in which it provides services. As Plaintiffs are well aware, P&R provides services in building that are owned and operated by third parties. Requiring P&R to go to its clients and state that it must post notices of a lawsuit at their buildings could have a harmful effect on P&R's business and customer relations. This Court should not require such a posting as it would be unfair and prejudicial to P&R. Adequate notice to putative class members can be achieved through mailing the notices.

   B.   THIS COURT SHOULD PROTECT THE PRIVACY OF THE OVER 1200 EMPLOYEES PLAINTIFFS SEEK TO CONTACT

Plaintiffs claim that the Supreme Court's holding in Hoffman-LaRoche, Inc. v. Sperling undercuts any privacy concerns P&R may have about providing address information for its current and former employees to Plaintiffs. This is simply not true. Hoffman-LaRoche was decided long before the advent of identity theft and the rash of claims against employers for providing the personal identifying information of its employees to third parties. Plaintiffs appear to suggest that, if ordered by the Court to do so, P&R will not send the notices to its employees. There is no basis for such an insulting accusation. Although P&R believes Plaintiffs' Motion

7

should be denied, if this Court were to require notice to be sent, P&R would obviously comply with such an order. Given that Plaintiffs will not be prejudiced in any way if P&R is allowed to send any notices that are authorized by this Court to putative class members, the balance of harms weighs against giving Plaintiffs the personal information of over 1200 individuals.

### C. A NINETY-DAY OPT-IN PERIOD IS TOO LONG

Plaintiffs insists that, in the event notice is issued, putative class members should have 90 days to opt-in. Once an individual receives a notice, it does not take three months for that person to decide if he or she wants to join this lawsuit or not. Ninety days is an unnecessarily long period, and Plaintiffs do not articulate any reason why so much time would be required.

### CONCLUSION

For the foregoing reasons, P&R respectfully requests that Plaintiffs' Motion be denied.

Respectfully submitted,

By /s/ Karla Grossenbacher_____
Karla Grossenbacher (Bar #442544)
Jessica Taverna (Bar # 973870)
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
(202) 463-2400

Attorneys for Defendant

Dated:   October 11, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS CASTILLO, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>P & R ENTERPRISES, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 1:07-cv-01195 CKK |

### DECLARATION OF CARLOS SANCHEZ

I, Carlos Sanchez, declare that I am familiar with the matters asserted herein and make this declaration upon personal knowledge. I further declare, under the penalty of perjury, that the statements contained in this declaration are true and correct to the best of my knowledge and belief:

1. Currently, P&R has 1276 non-exempt employees working in the District of Columbia, Maryland and Virginia. 921 of these employees are part-time employees.

2. Attached as Exhibit 1 is a listing of employees by Employee ID number who were paid overtime for the month of July 2007.

Further declarant sayeth not.

_____
CARLOS SANCHEZ

# EXHIBIT 1

**P&R ENTERPRISES, INC.**
  **OVER, Date Filter:**
  **07/01/07..07/31/07**

| Employee No. | Amount of Overtime Paid |
|---|---|
| EE-00-21869 | $ 94.95 |
| EE-00-11963 | $ 198.00 |
| EE-00-21446 | $ 792.00 |
| EE-00-13908 | $ 63.30 |
| EE-00-10560 | $ 144.40 |
| EE-00-10755 | $ 70.80 |
| EE-00-16238 | $ 260.40 |
| EE-00-16239 | $ 164.26 |
| EE-00-19976 | $ 127.13 |
| EE-00-13806 | $ 533.81 |
| EE-00-10760 | $ 401.85 |
| EE-00-10132 | $ 249.38 |
| EE-00-19097 | $ 76.73 |
| EE-00-19221 | $ 76.73 |
| EE-00-10528 | $ 174.04 |
| EE-00-21472 | $ 132.00 |
| EE-00-21431 | $ 124.31 |
| EE-00-18050 | $ 355.50 |
| EE-00-10673 | $ 961.20 |
| EE-00-17935 | $ 639.45 |
| EE-00-15992 | $ 463.20 |
| EE-00-18264 | $ 540.00 |
| EE-00-18380 | $ 761.28 |
| EE-00-10390 | $ 269.03 |
| EE-00-19934 | $ 425.25 |

| | | |
|---|---|---|
| EE-00-18790 | $ | 117.00 |
| EE-00-19981 | $ | 461.26 |
| EE-00-19698 | $ | 508.15 |
| EE-00-21229 | $ | 268.80 |
| EE-00-21207 | $ | 129.38 |
| EE-00-10452 | $ | 845.06 |
| EE-00-12500 | $ | 16.34 |
| EE-00-15622 | $ | 65.36 |
| EE-00-18669 | $ | 40.85 |
| EE-00-15741 | $ | 108.22 |
| EE-00-10807 | $ | 888.60 |
| EE-00-11612 | $ | 220.50 |
| EE-00-21888 | $ | 66.00 |
| EE-00-16901 | $ | 30.00 |
| EE-00-10846 | $ | 332.61 |
| EE-00-13177 | $ | 381.08 |
| EE-00-21066 | $ | 574.56 |
| EE-00-20429 | $ | 195.00 |
| EE-00-21688 | $ | 91.50 |
| EE-00-12482 | $ | 141.38 |
| EE-00-19970 | $ | 262.50 |
| EE-00-11652 | $ | 325.50 |
| EE-00-21145 | $ | 42.00 |
| EE-00-10136 | $ | 242.40 |
| EE-00-11903 | $ | 459.20 |
| EE-00-21139 | $ | 228.00 |
| EE-00-11812 | $ | 205.80 |
| EE-00-20736 | $ | 630.00 |
| EE-00-20165 | $ | 120.00 |
| EE-00-17854 | $ | 1,498.00 |
| EE-00-19350 | $ | 585.00 |
| EE-00-20918 | $ | 12.35 |
| **Total for Payroll Control: EARN** | $ | 18,191.40 |