## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CARLOS CASTILLO, et al.,     )     Case No. 07-cv-1195 (CKK)
                   )
        Plaintiffs,     )
                   )
v.                   )
                   )
P & R ENTERPRISES, INC.,     )
                   )
        Defendant.     )
                   )

### JOINT STATEMENT AND PROPOSED SCHEDULING ORDER

Pursuant to the Court's September 18, 2007 Order For Initial Scheduling

Conference, as modified by the Court's September 26, 2007 Minute Order granting

Motion To Continue Initial Scheduling Conference, the parties submit their joint

conference statement and proposed scheduling order, as follows.

## I.    FACTS OF THE CASE

This action seeks to recover unpaid overtime and wages due to employees of

Defendant P & R Enterprises, Inc.  Plaintiffs are two former employees of Defendant.

They bring three causes of action:  a collective action under the Fair Labor Standards Act

on behalf of all non-exempt janitorial employees of Defendant since June 2004, who were

denied overtime pay; a collective action under analogous provisions of the District of

Columbia Minimum Wage Act Revision Act for employees who work in the District of

Columbia since June 2004 and were denied overtime pay; and a class action under the

1

District of Columbia Wage Payment and Wage Collection Act for employees who work in the District of Columbia who were not paid for all hours worked.  In brief, Plaintiffs contend that Defendant had a company-wide practice or policy of knowingly failing to pay overtime and wages due by refusing to pay overtime for hours worked in excess of 40 in a workweek; requiring employees to perform work on their unpaid breaks without pay; and failing to pay employees for all time they worked while "on the clock."

Defendant denies that it had any policy or practice, and contends that it fully complied with all applicable wage and hour laws.

## II.    STATUTORY BASIS FOR CAUSES OF ACTION AND DEFENSES

Plaintiffs' claims and Defendant's defenses are based upon the Fair Labor Standards Act, 29 U.S.C. §§ 201-219; the District of Columbia Minimum Wage Act Revision Act, D.C. Code § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Wage Collection Act, D.C. Code § 32-1301 *et seq.*  The Court has original subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b), and pendent jurisdiction over Plaintiffs' state-law wage claims pursuant to 28 U.S.C. § 1367.

## III.    RULE 16(c) TOPICS

1.    **Likelihood of case being disposed of by dispositive motions**.  At this early stage of litigation, neither party anticipates bringing a motion for summary judgment.  The parties reserve the right to bring such a motion as discovery warrants.

2.     **Joinder of other parties and amendment of pleadings**.  Plaintiffs have requested that the FLSA and DC overtime claims be conditionally certified in order to provide notice to potential class members of their right to join the collective action. Plaintiffs have requested that these potential "opt in" plaintiffs be given a period of at least 90 days from the date of the mailing of the notice to file their consents to join the lawsuit.  Other than those potential plaintiffs who may "opt in" to the lawsuit, the parties agree that there are no other parties that need be joined to this action.  The parties do not anticipate that the pleadings will need to be amended.

3.     **Assignment to magistrate judge**.  Defendant does not consent to assigning this case to a magistrate judge for all purposes, including trial.

4.     **Settlement prospects**.  The parties are exploring the possibility of settling the case, and report that there is a realistic possibility that the case will settle prior to trial.

5.     **Referral to court alternative dispute resolution procedures**.  The parties request that the Court set this matter for a settlement conference before a magistrate judge.  The parties believe such a conference may be beneficial in resolving this dispute before trial.

6.     **Dispositive motions**.  Plaintiffs do not anticipate filing any dispositive motions.  Defendant reserves the right to file a motion for summary judgment, and proposes a deadline for such motion of 45 days after close of discovery.

7.    **Initial disclosures**.  The parties agree to exchange their initial disclosures under Fed.R.Civ.P. Rule 26(a)(1) on or before October 19, 2007.  The parties have not stipulated to any other changes to the requirements of or obligations under Rule 26(a)(1).

8.    **Anticipated discovery**.  Plaintiffs anticipate conducting extensive discovery regarding Defendant's payroll practices and the payment of wages, in order to develop evidence sufficient to support a motion to certify the DC unpaid wages class, and to defend against an anticipated motion by Defendant to decertify the overtime class. Plaintiffs anticipate propounding multiple document requests and interrogatories, and taking the depositions of persons within Defendant's corporate structure familiar with its payroll and wage payment practices.  With respect to the overtime claims under both the FLSA and DC law, Plaintiffs will not seek discovery as to time records of individual potential plaintiffs until they have "opted in" to the collective action; discovery on the overtime claims prior to the "opt ins" will focus on Defendant's overall policies and practices with respect to payroll and overtime.  With respect to the DC unpaid wages claim on which class certification will be sought under Rule 23, Plaintiffs believe that the nature of the claim precludes effective bifurcation of discovery into "class" discovery and "merits" discovery, as Defendant proposes.  The class is comprised of all DC employees who were not paid for all time worked.  The evidence necessary to determine the existence and composition of the class is the same evidence necessary to prove the merits

4

of the claim at trial—essentially, the time records of all DC employees. Plaintiffs

therefore propose a unitary discovery cut-off of March 1, 2008.

Defendant believes the parties should engaged in limited "class" discovery prior to

conducting more extensive "merits" discovery and in an effort to determine the proper

scope of merits discovery. Defendant believes merits discovery should only take place

after the Court has had the opportunity to rule on any motion for class certification by

Plaintiffs. Merits discovery should also be postponed on the collective action until the

opt-in period has expired. Defendant proposes a cut-off of "class" discovery of

December 31, 2007, and a cutoff of "merits" discovery of three months after the Court

rules on the class certification motion filed by Plaintiffs and the opt-in period on the

collective action has expired.

The parties have agreed that discussion of the appropriateness of a protective order

is premature at this point, but may revisit the subject if the specifics of the discovery

sought and obtained indicate that a protective order is appropriate.

9.     **Expert witnesses**.  The parties at this time do not anticipate the use of

expert witnesses.

10.     **Class action proceedings**.  The parties have agreed to the following

schedule for bringing the class certification motion on the DC unpaid wages claim:

Motion papers will be filed within 30 days of the close of discovery, be it unitary

discovery as Plaintiffs propose or "class discovery" as Defendant proposes.

Opposition papers will be filed within 30 days after filing of the motion papers.

Reply papers will be filed within 15 days after filing of the opposition papers.

11.    **Bifurcation**.  With the exception of the bifurcated discovery that Defendant requests above, the parties at this time do not believe that bifurcation is appropriate or warranted here.

12.    **Pretrial Conference**.  The parties agree that no formal date for a pretrial conference should be set at this time.

13.    **Trial date**.  The parties agree that no formal date for trial need be set at this point, but rather such a date should be set at the pretrial conference.

14.    **Other matters**.  The parties do not believe any other matters are appropriate for inclusion in a scheduling order.

## IV.    PROPOSED SCHEDULING ORDER

The parties have not agreed on a scheduling order because of their respective positions on whether discovery should be bifurcated.  Their respective proposals for a scheduling order are as follows:

**Plaintiffs' Proposal**:

| | |
|---|---|
| Date for initial disclosures: | October 19, 2007 |
| Discovery cut-off date: | March 1, 2008 |
| DC unpaid wages claim class certification motion date: | March 31, 2008 |
| Dispositive motion date: | April 15, 2008 |

Pretrial conference:                    No date proposed

**Defendant's Proposal**:

Date for initial disclosures:          October 19, 2007

Class Discovery cut-off date:          December 31, 2008

Class certification motion date:       January 31, 2008

Merits Discovery cut-off date:         3 months after ruling on class cert. motion

Dispositive motion date:               45 days after close of merits discovery

Pretrial trial conference:             No date proposed

Dated:  October 16, 2007                         Respectfully submitted,

                                        **D.C. EMPLOYMENT JUSTICE
                                           CENTER**
                                        Arthur P. Rogers (DC Bar 390844)
                                        727 15 Street NW, 2nd Floor
                                        Washington, DC  20005
                                        Tel: (202) 828-9675
                                        Fax: (202) 828-9190

                                        **DAVIS, COWELL & BOWE, LLP**
                                         /s/ Mark Hanna
                                        George R. Murphy (DC Bar 75200)
                                        Mark Hanna (DC Bar 471960)
                                        Joni S. Jacobs (DC Bar 493846)
                                        1701 K Street NW, Suite 210
                                        Washington, DC  20006
                                        Tel: (202) 223-2620
                                        Fax: (202) 223-8651

                                        Attorneys for Plaintiffs

Dated:  October 16, 2007

**SEYFARTH SHAW, LLP**
 /s/ Karla Grossenbacher
Karla Grossenbacher (DC Bar 442544)
Jessica Taverna (DC Bar 973870)
815 Connecticut Ave., NW, Ste. 500
Washington, DC  20006-4004
Tel: (202) 463-2400

Attorneys for Defendant