UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARLOS CASTILLO, *et al.*,

    Plaintiffs,

v.

P & R ENTERPRISES, INC.,

    Defendant.

Civil Action No. 07-1195 (CKK)

MEMORANDUM OPINION
(October 19, 2007)

Plaintiffs in this case allege that Defendant P & R Enterprises, Inc. violated the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, and the District of Columbia Minimum Wage Act Revision Act, D.C. Code § 32-1012(b), by failing to pay overtime compensation to employees for hours worked in excess of forty per week.[1]  Before the Court is Plaintiff's [2] Motion for Order Giving Notice to Potential Plaintiff Employees.  Upon a review of the Parties' submissions, the applicable case law and statutory authority, the Court shall GRANT IN PART and DENY IN PART Plaintiff's Motion for the reasons set forth below.

I.  BACKGROUND

Defendant P & R Enterprises, Inc. operates a commercial cleaning company that provides janitorial services to many of the area's largest commercial real estate companies.  Compl. ¶ 5. Plaintiffs Carlos Castillo and Carlos Flores (collectively, "Plaintiffs") were employed by

---

[1] Although Plaintiffs' Complaint also asserts a class action claim for unpaid wages pursuant to the District of Columbia Wage Payment and Collection Act, that claim is not before the Court on the instant Motion.  *See* Pls.' Mot. At 1-2 n. 1 ("The Notice Plaintiffs seek permission to provide here will not address that claim.").

Defendant as a Day Cleaner and Day Porter, respectively (the two titles refer to the types of janitorial services they performed). Compl. ¶¶ 11, 13. Plaintiffs were designated by Defendant as non-exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA"), meaning that they were eligible to receive overtime pay for hours worked that exceeded forty per week. Compl. ¶ 17.

Defendant has approximately 760 non-exempt employees performing janitorial work in 61 buildings located in the District of Columbia. Def.'s Opp'n Ex. 1 ¶ 2 (Decl. of Carlos Sanchez). In addition to Day Cleaners and Day Porters, Defendant's employees have job titles corresponding to other cleaning activities, such as Day Maids, Floormen, Vacuum Specialists, among others. *Id.* ¶ 2. Despite the different titles, these employees share two basic characteristics relevant to the instant motion: they are all responsible for cleaning some portion of the commercial properties to which they are assigned, and they are all classified as non-exempt employees under the FLSA by Defendant. Compl. ¶ 17.

Plaintiffs allege that since June 2004, Plaintiffs worked more than 40 hours per work week but Defendant failed to pay them time-and-a-half compensation for the hours that exceeded 40. Compl. ¶¶ 12, 14. When Plaintiff Castillo allegedly inquired about overtime compensation, Defendant's General Manager Carlos Sanchez told him that Defendant "does not pay overtime to anyone." Pls.' Reply Ex. 1 ¶ 10 (Decl. of Carlos Castillo).

On July 2, 2007, Plaintiffs filed a Complaint in the instant case alleging that Defendant's policies denied them overtime compensation. *See* Compl. ¶ 18. On July 9, 2007, Plaintiffs filed the instant motion asking the Court for an order authorizing Plaintiffs to give notice of the instant suit to all similarly situated employees of Defendant, to require Defendant to provide Plaintiffs with the names and last known addresses of all similarly situated employees, and to allow notice

of this lawsuit to be posted in each of Defendant's workplaces.  *See* Pls.' Mot. at 1.

## II.  DISCUSSION

The FLSA authorizes a plaintiff to challenge the denial of overtime compensation on behalf of himself and any "other employees similarly situated."  29 U.S.C. § 216(b) (2007).  This unique cause of action, known as a "collective action," is not subject to the provisions generally associated with class actions under Federal Rule of Civil Procedure 23 (such as numerosity, commonality, and typicality requirements).  *See Hunter, et al. v. Sprint Corp.*, 346 F. Supp. 2d 113, 117 (D.D.C. 2004).  Although the FLSA authorizes a Plaintiff to proceed as a collective action with similarly situated employees, the class is ultimately formed only by members affirmatively "opting in" to the lawsuit.  *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

Because the statute of limitations continues to run on unnamed class members' claims until they opt in to the collective action, *see* 29 U.S.C. § 256(b), a court may certify a conditional class of putative plaintiffs prior to discovery upon an initial showing that the members of the class are similarly situated.  *See Hoffman-LaRoche v. Sperling, et al.*, 493 U.S. 165, 170 (1989) ("[s]ection 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure"); *Cryer v. Intersolutions, Inc.*, Civ. A. No. 06-2032, 2007 U.S. Dist. LEXIS 29339 at *5 (D.D.C. Apr. 7, 2007) ("a court may conditionally certify the collective action class early in the litigation upon an initial showing the members of the class are similarly situated").  Once conditionally certified, class members

may receive notice alerting them to the collective action and providing them with an opportunity to opt in to the litigation. *See Hunter*, 346 F. Supp. 2d at 117.

Although the D.C. Circuit has not opined on the steps courts must follow to certify a conditional class under FLSA, courts in this and other districts have generally proceeded in two steps. First, plaintiffs must make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Chase v. Aimco Props.*, 374 F. Supp. 2d 196, 200 (D.D.C. 2005) (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). This showing initially fulfills the statutory requirement that the putative class members be similarly situated to plaintiffs.[2] *See* 29 U.S.C. § 216(b) ("other employees similarly situated"). The second of the two steps occurs at the close of discovery, when defendants may move to decertify the conditional class in light of the record developed during the discovery period. *See Hunter*, 346 F. Sup. 2d at 117. If the Court determines that the class members are similarly situated, then the action may proceed as a collective action. *Id*. If the court determines that the class members are not similarly situated, then the class is de-certified, and the named plaintiffs proceed with the action in an individual capacity. *Id.*

The instant motion relates to the first step of the certification analysis. Plaintiffs ask the Court to conditionally certify a class so notice can be sent to putative class members.[3] *See* Pls.'

---

[2] The Parties disagree as to whether the Court may consider pleadings in determining whether to certify a conditional class. *See* Pls.' Mot. at 6; Def.'s Opp'n at 7. Cases from this and other districts have relied on both pleadings and affidavits, *see, e.g.*, *Chase*, 374 F. Supp 2d at 200, and the Court agrees with this approach.

[3] Although the Court only discusses certification in the context of the FLSA, the District of Columbia Minimum Wage Act Revision Act, D.C. Code § 32-1012(b), also has a collective action provision with an "opt in" requirement. For this reason, Plaintiffs ask the Court to conditionally certify one class for both claims. *See* Pls.' Mot. at 7. Defendant does not object in

Mot. at 5-6. Plaintiffs further ask the Court to order Defendants to provide the names and addresses of the putative class members to Plaintiffs, and to post notices concerning the collective action in each of its workplaces. *Id.* at 7-8. Finally, Plaintiffs have submitted a proposed notice to the Court along with its Motion, to which Defendant has raised numerous objections. *Id.* at 8-9 & Ex. A.

    A.    *Similarly Situated Members*

Plaintiffs propose that the Court conditionally certify a member class consisting of "all current and former non-exempt employees of Defendant since July 2004 who are or were classified in the above classifications[4] who were not paid time and one-half for all hours worked over 40 hours per week." Pls.' Mot. at 3. Plaintiffs also propose conditional certification for a "subgroup of employees who worked in the District of Columbia and who were deprived of the protections of D.C.'s overtime law, to the extent there are differences in coverage between the FLSA and the D.C. statute." *Id.*

As a preliminary matter, the Court denies Plaintiff's motion to the extent it seeks to certify a class that includes members who are or were employed by Defendant outside of the District of Columbia. Although Plaintiff's Motion refers to employees in the "Metro-DC area," Pls.' Mot. at 6-7, Plaintiff's Complaint states that Plaintiffs are suing on behalf of themselves and a class consisting "of all persons employed by Defendant in the District of Columbia since 2004." Compl. ¶ 54. Plaintiffs cannot in the instant motion expand the scope of the proposed

---

its Opposition to addressing the claims together, and the Court finds there are efficiencies in only having to provide putative class members with a single notice. Therefore, the Court's discussion will apply to a conditional class for both claims.

[4] The classifications to which Plaintiffs are referring are Day Porter, Day Maid, Day Cleaner, Floorman, Vacuum, Trashman, Project/Utility, Zone Cleaner, Restroom Cleaner, Lobby and Principal Lobby. *See* Pls.' Mot. at 2.

class beyond that which is contained in their Complaint. *See DSMC, Inc. v. Convera Corp.*, 479 F. Supp. 2d 68, 84 (D.D.C. 2007) (rejecting plaintiff's attempts to amend its complaint through submissions associated with a summary judgment motion). Thus, Plaintiff's proposed class may only include employees who work or worked in the District of Columbia for Defendant. Because it also appears that such a class definition would encompass the entire sub-group Plaintiff proposes, the Court will also deny Plaintiff's request to create a sub-group within the larger proposed class.

Notwithstanding the above limitations, the Court finds that Plaintiffs have made a "modest factual showing" by demonstrating that putative class members are similarly situated to themselves. All putative class members have similar job responsibilities. *See* Pls.' Mot. at 6. All putative class members are also classified as non-exempt by Defendant for purposes of the FLSA. *Cf. Hunter*, 346 F. Supp. 2d at 120 (conditionally certifying a class of non-exempt employees but excluding employees "whom [Defendant] has classified as exempt [because it] would inject into the case an additional legal question bearing on liability"). Although Defendant claims that employees cannot be similarly situated when they have "different duties" and different "job titles," the putative class members are or were employed by Defendant to clean commercial real estate buildings in Washington D.C. Def.'s Opp'n at 1. The Court agrees with Plaintiff that "[t]he fact that some employees clean lobbies while others clean restrooms . . . is irrelevant." Pls.' Reply. at 8.

In support of their motion, Plaintiffs have also submitted time sheets and pay stubs indicating that Plaintiffs were scheduled for, and worked more than, 40 hours per week, and were not compensated with overtime pay. *See* Pls.' Reply. Ex 2 (Decl. of Joni Jacobs, with attachments). Plaintiffs allege that "all employees are subject to uniform payroll policies, and

Defendant has a centralized operation for all its non-exempt employees." Pls.' Mot. at 2. These policies and operations allegedly do not change based on the buildings where employees work. *See* Pls.' Reply. Ex. 1 ¶¶ 3, 4, 8, 9 (Decl. Castillo). Plaintiffs also allege Defendant's General Manager indicated that the Company "does not pay overtime to anyone." *Id.* ¶ 10.

While some differences exist between the members, they appear to be immaterial to the instant motion. For example, janitors working in some buildings Defendant services are subject to union representation while janitors working in other buildings are not. *See* Def.'s Opp'n at 10. Nevertheless, unionization does not appear to affect how Plaintiffs and other janitors perform the work in their assigned buildings, nor how their hours are submitted to payroll for compensation. *See* Pls.' Reply. at 11 ("the collective bargaining agreement and Defendant's employment handbook require the payment of overtime and use the same definition of full-time workers, and the collective bargaining agreement does not address, let alone alter, Defendant's payroll periods, use of time clocks, management structure or payroll practices") (citation omitted). Some of the employees are also classified as "full time" while others are classified as "part-time."[5] *See* Def.'s Opp'n at 11. This fact is immaterial to the instant motion because the proposed class definition does not distinguish between "full" and "part-time" employees, but rather focuses only on whether the employees were not paid overtime for more than 40 hours worked in a workweek. Pls.' Reply at 11. Plaintiff's allege that "some employees work part-time shifts at two buildings and may work more than 40 hours in a workweek." Pls.' Reply at 12. Despite Defendant's concerns that the class will encompass part-time employees who do not receive overtime as a

---

[5] Defendant's employee handbook defines a part-time employee as "anyone who is scheduled to work less than 35 hours a week." *See* Pls.' Reply at Ex. 2 (Decl. Castillo)

matter of *scheduling*,[6] Plaintiffs' class definition alleviates this concern by restricting the group to only those employees who have *worked* more than 40 hours in a work week and who have not received overtime compensation.

Defendant argues that Plaintiffs have nonetheless failed to sustain their burden, citing *Lockhart v. Westinghouse Credit Corp.*, 879 F.2d 43, 51 (3d Cir. 1989) (analyzing whether the putative class members (1) worked in the same corporate department, division and location, (2) advanced similar claims, and (3) sought substantially the same form of relief).  Defendant's arguments do nothing more than identify areas of factual disagreement between the Parties.

For example, Defendant argues that "there are significant differences among [putative member] employees with respect to the terms and conditions of their employment."  Def.'s Opp'n at 9.  Specifically, the buildings that Defendant services are each operated by a different property management company.  *Id.* at 10.  The property management company assigns a property manager to each building "who decides how many [of Defendant's] employees will work in the building, what breaks they will receive, if any, and whether or not they will be scheduled for overtime."  *Id.* Ex. 1 ¶ 1 (Decl. Sanchez).  The Property Manager's role appears to be somewhat circumscribed because Defendant also indicates that it assigns a project manager to each building as well.  *Id.*  The Defendant's Project Manager "schedules employee breaks and reviews the time cards of each employee at the building and determines how many hours of work for which they will be compensated."  *Id.* ¶ 7.  Based on these facts, Defendant surmises that the employees in the proposed class cannot be similarly situated because project and property

---

[6] Defendant does not allege that part-time employees never work more than 40 hours per week nor that they are not owed overtime compensation for hours exceeding 40 – Defendant only alleges that such putative class members are "not scheduled for overtime or in a position to work more than 40 hours per week."  *Def.'s Opp'n* at 11.

managers oversee employees on a building-by-building basis.  Def.'s Opp'n at 10.

Despite the existence of local managers, Defendant's argument does not refute Plaintiff's allegations that Defendant, not merely some intervening third-party, has a role in the determination and calculation of the compensation paid to Plaintiffs and putative class members. *See* Pls.' Reply at 10 (describing the process by which employee time cards are sent to Defendant's centralized payroll system).  Moreover, courts have previously certified conditional classes consisting of employees located in different buildings and presumably subject to different layers of oversight.  *See, e.g.*, *Chase*, 374 F. Supp. 2d at 198, 201 (conditionally certifying a class of service technicians and managers who worked at 1,500 different apartment communities across the country owned and operated by the defendant); *Cryer*, 2007 U.S. Dist. LEXIS 29339 at *2-*8 (conditionally certifying a class of employees performing concierge, leasing, and maintenance services to residential and commercial properties in the District of Columbia, Maryland, Virginia, and Pennsylvania).  Ultimately, the Court need not decide at the present time the extent to which property and project managers make localized decisions.  On this record, Plaintiffs have made an initial showing that they and potential plaintiffs were allegedly "victims of a common policy or plan that violated the law," even with the existence of local supervisors.[7] *See Chase*, 374 F. Supp. 2d at 200.  The Court further finds that a "collective action [would] promote[] the 'efficient resolution of common issues of law and fact arising from the same

---

[7] Defendant also argues that an "imprecise allegation of a companywide practice will not satisfy Plaintiff's burden of establishing the propriety of collective treatment." Def.'s Opp'n at 13.  Plaintiffs allege that "Defendant maintains a highly-centralized management structure and employment policies that apply to all employees in the potential class." Pls.' Reply at 5. Plaintiffs also allege that Defendant's General Manager indicated that the company does not pay overtime to its workers.  *See* Pls.' Reply Ex. 1 ¶ 10 (Decl. Castillo).  While Defendant may want to argue after discovery that the class should be decertified, the Court finds that Defendant's allegation is not sufficient to overcome Plaintiff's required "modest showing."

alleged discriminatory activity.'" *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

      B.      *Production of Names and Addresses and Posted Notice*

Plaintiffs ask the Court to order Defendant to produce the names and addresses of all employees in the proposed class. Pls.' Mot at 7. The Supreme Court in *Hoffman-LaRoche* authorized district courts, in their discretion, to order a defendant to produce the names and addresses of putative class members in a collective action. *See Hoffman-LaRoche*, 493 U.S. at 172. Other courts, including courts in this district, have relied on *Hoffman-LaRoche* and ordered defendants to produce such information. *See, e.g.*, *Hunter*, 346 F. Supp. 2d at 121 (collecting cases). Defendant asks this Court to deny Plaintiffs' request for the production of names and addresses because "there are less intrusive means available to notify members." Opp'n at 16. Defendant also seeks to distinguish *Hoffman-LaRoche* on the basis that it was decided prior to "the advent of identity theft and the rash of claims against employers for providing the personal identifying information of its employees to third parties." *See* Def.'s Sur-Reply. at 7.

The Court shall order Defendant to produce the names and addresses of putative class members to Plaintiffs. The Court finds this method of notice to be an efficient and effective means by which to reach current and former employees who may choose to opt in to the collection action. To alleviate Defendant's concerns about privacy, however, the Court will order the Parties to submit a properly crafted protective order to the Court for approval prior to production of the putative class members' identifying information.[8]

In addition to the production of names and addresses, Plaintiffs request that Defendant be required to post notices of the collective action in all of its workplaces (in the same areas in

---

[8] To the extent Defendant has concerns about the communications that may occur between Plaintiff's counsel and putative class members, *see* Def.'s Opp'n at 17, the Parties may address these concerns in the Protective Order, as well.

which it is required to post government-required notices). Pls.' Mot. at 8. According to Plaintiffs, "[t]his will ensure that current employees receive notice of the lawsuit, even if they have not kept their addresses up to date in Defendant's records." *Id.* At this time, the Court shall order notices to be posted in this manner, but only to the extent that such spaces are located in (1) Defendant's offices, or (2) office spaces designated for Defendant's use in third-party buildings (assuming such office spaces are used by one or more putative class members). Defendant is not required to request any third-party to post a notice of the collective action in third-party areas not designated for Defendant's use.

    C.    *Proposed Notice*

In addition to disagreeing about the means by which to distribute notice, the parties also disagree about the content of Plaintiffs' proposed notice. Defendant's objections relate to 1) the substance of plaintiff's proposed notice (particularly whether the information contained therein is incomplete or misleading), and (2) the time given in the notice for class members to return their opt-in notices. *See* Def.'s Opp'n at 17-20. The Court shall refer the parties' disagreements as they relate to the proposed notice to Magistrate Judge John M. Facciola to be resolved as expeditiously as possible. *See* Local Civil Rule 72.2(a).[9]

As a final matter, Plaintiffs propose sending notice to putative class members who are or were employed by Defendant since June 2004 (three years prior to the filing of Plaintiff's Complaint). Defendants would prefer to send notice to putative class members three years prior to the date on which notice is sent. *See* Def.'s Opp'n at 20 ("any notice should not be sent to putative class members who have worked for [Defendant] since June 2004, but rather, for the

---

[9] The Court notes that parties in a prior but factually similar matter were able to resolve their disagreements concerning an FLSA class notice with the assistance of Magistrate Judge Facciola. *See Hunter*, 346 F. Supp. 2d at 121.

three-year period preceding the date on which any notice is sent").[10]  Because the date on which the notices will be distributed is uncertain, it makes administrative sense to set a firm date for the notice period, and three years prior to the filing of the Complaint (June 2004) is an appropriate date.  *Accord Hunter*, 346 F. Supp. 2d at 116, 122.[11]

## III. CONCLUSION

For the reasons set forth above, the Court shall GRANT a conditional class certification for all current and former non-exempt Washington D.C. employees of Defendant since July 2004 who are or were classified as a Day Porter, Day Maid, Day Cleaner, Floorman, Vacuum, Trashman, Project/Utility, Zone Cleaner, Restroom Cleaner, Lobby or Principal Lobby, and who were not paid time and one-half for all hours worked over 40 hours per week.  The Court shall DENY a conditional sub-group certification for employees who worked in the District of Columbia and who were deprived of the protections of Washington, D.C.'s overtime law.  The Court shall GRANT Plaintiff's request for production of the names and addresses of all members of the putative member class.  The Court shall GRANT Plaintiff's request to have Defendant post notices of the collective action in its office spaces, but only to the extent such spaces are located in Defendant's offices or located in office spaces designated for Defendant's use in third-party buildings.  The Court shall GRANT Plaintiffs' request to send notice to putative class members who were employed by defendant since June 2004.

The Court shall refer remaining issues concerning the contents of the class member notice

---

[10] Plaintiffs concede that they "do not intend to seek damages for any individual class member beyond the three-year statute of limitations applicable to such employee."  Pls.' Reply. at 17.

[11] Plaintiffs have requested oral argument on the instant Motion.  *See* Pls.' Reply. at 18. The Court, in its discretion, find that a hearing would not aid the Court in its disposition of the instant motion.  *See* LcvR 7(f).

to Magistrate Judge Facciola for proceedings not inconsistent with this memorandum opinion.

An appropriate Order accompanies this Memorandum Opinion.

Date:   October 19, 2007


                                                /s/
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge