UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS CASTILLO, et al., ) | Case No. 07-cv-1195 (CKK) |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| P & R ENTERPRISES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## PLAINTIFF'S MOTION FOR RECONSIDERATION
## OF ORDER ON MOTION FOR NOTICE

In granting conditional certification of the FLSA overtime claim for purposes of issuing a notice to potential plaintiffs of their right to "opt in" to this collective action, the Court excluded from the class employees who work in Maryland and Virginia. The Court held that Plaintiffs could not seek a class broader than that alleged in the Complaint. Opinion, at pp. 5-6. However, in so ruling, the Court relied upon paragraph 54 of the Complaint, which defines the class for purposes of the Third Cause of Action for unpaid wages under D.C. law. The FLSA overtime class was defined in Paragraph 22 of the First Cause of Action in the Complaint, as follows:

> Plaintiff brings this claim on behalf of themselves and *all* similarly situated employees, including all current and former non-exempt employees of Defendant who were or are employed since June 2004 as Day Porter, Day Maid, Day Cleaner, Floorman, Vacuum, Zone Cleaner, Trashman, Project/Utility, Restroom Cleaner, Lobby or Principal Lobby, and/or who perform work similar to the work performed by employees in those classifications, and who were not paid time and one-half for all hours worked over 40 hours per workweek.

Compl., ¶22 (emphasis added). This class definition is distinct from those alleged for the D.C. overtime claim (Second Cause of Action), and the D.C. unpaid wages claim (Third

1

Cause of Action), both of which limit the class to employees who worked or work in the District of Columbia. (Compl., ¶¶33, 55.) The reason for this is clear: the FLSA class is broader, and includes all employees covered by the FLSA in DC, Virginia and Maryland.

Defendant misunderstood the scope of the FLSA overtime claim pled in the Complaint. This misunderstanding led the Court to inadvertently restrict the FLSA overtime claim to DC employees. The confusion was created in Defendant's Surreply Brief, to which Plaintiffs had no opportunity to respond. Defendant's Opposition to the motion for notice focused exclusively on DC employees. In our reply brief, Plaintiffs attempted to correct Defendant's misunderstanding of the scope of the FLSA overtime claim. In its Surreply Brief, Defendant cited to Paragraph 54 of the Complaint to argue that Plaintiffs had pled an FLSA claim only for DC employees. [Dckt. #20, at p. 2.] However, as explained above, Paragraph 54 defines the class for the Third Cause of Action for unpaid wages under DC law, whereas the FLSA overtime claim is pled in the First Cause of Action of the Complaint.

The notice attached as Exhibit A to the Motion made it clear that the FLSA class included Maryland and Virginia employees, as well as DC employees. The notice was directed to *all* employees, and explained the distinctions between the FLSA claim and the DC overtime claim, including the different statute of limitations that applied to each claim. The consent form attached to the notice asks employees to check up to two boxes: one for the FLSA claim, and one for the DC overtime claim if they worked in DC. Thus, Plaintiffs did not attempt to hide the fact that the FLSA class covered *all* employees, not just those who work in DC.

The sole basis for excluding these employees from the FLSA overtime class appears to be a misimpression about the scope of the FLSA overtime class as pled in the Complaint. The Complaint clearly pled that class to include *all* employees, as distinct from the other two causes of action that were limited to DC employees. Plaintiffs respectfully ask the Court to reconsider its Order, and conditionally certify a class that includes Virginia and Maryland employees, as well as a subclass of DC employees as originally requested. As explained more fully in Plaintiffs' Reply brief and papers, Defendant's payroll and overtime practices apply equally to employees in Virginia and Maryland, as reflected by its own Employee Handbook covering employees in Virginia and Maryland as well as DC. [Dckt. #14, Castillo Decl., ¶4 and Ex. A at p. 9.] Thus, Plaintiffs have met their burden of making a "modest factual showing" that these employees are similarly situated to DC employees for purposes of conditional certification. *Hunter v. Sprint Corp.*, 346 F.Supp.2d 113, 117 (D.D.C. 2004).

For all of the foregoing reasons, Plaintiffs respectfully request that the Order be modified to include Virginia and Maryland employees in the conditional certification of the FLSA overtime claim, and a conditional certification of a subgroup of DC employees for the DC overtime claim.

Plaintiffs' counsel consulted with Karla Grossenbacher, counsel for Defendant, regarding this motion. Ms. Grossenbacher indicated Defendant opposes this motion.

Dated:  October 22, 2007                    Respectfully submitted,

                                            **D.C. EMPLOYMENT JUSTICE**
                                              **CENTER**
                                            /s/ Arthur P. Rogers
                                            Arthur P. Rogers (DC Bar 390844)
                                            727 15 Street NW, 2nd Floor

Washington, DC 20005
Tel: (202) 828-9675
Fax: (202) 828-9190

**DAVIS, COWELL & BOWE, LLP**
  /s/ Mark Hanna
George R. Murphy (DC Bar 75200)
Mark Hanna (DC Bar 471960)
Joni S. Jacobs (DC Bar 493846)
1701 K Street NW, Suite 210
Washington, DC 20006
Tel: (202) 223-2620
Fax: (202) 223-8651