UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS CASTILLO, et al., ) | Case No. 07-cv-1195 CKK JMF |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| P & R ENTERPRISES, INC., ) | |
| ) | |
| Defendant. ) | |

**JOINT MOTION FOR APPROVAL OF
NOTICE OF PENDING CLASS ACTION**

The parties, by and through their counsel of record, respectfully request that Court approve the Notice Of Pending Class Action to which they have agreed, a true and correct copy of which is attached hereto as Attachment A, and a Spanish translation of same which is attached hereto as Attachment B.

Dated: November 28, 2007

Respectfully submitted,

**D.C. EMPLOYMENT JUSTICE CENTER**
Arthur P. Rogers (DC Bar 390844)
727 15 Street NW, 2nd Floor
Washington, DC 20005
Tel: (202) 828-9675
Fax: (202) 828-9190

**DAVIS, COWELL & BOWE, LLP**
 /s/ Mark Hanna
George R. Murphy (DC Bar 75200)
Mark Hanna (DC Bar 471960)
Joni S. Jacobs (DC Bar 493846)
1701 K Street NW, Suite 210
Washington, DC 20006

        Tel: (202) 223-2620
        Fax: (202) 223-8651

        Attorneys for Plaintiffs

Dated: November 28, 2007

**SEYFARTH SHAW, LLP**
/s/ Karla Grossenbacher
Karla Grossenbacher (DC Bar 442544)
Jessica Taverna (DC Bar 973870)
815 Connecticut Ave., NW, Ste. 500
Washington, DC 20006-4004
Tel: (202) 463-2400

Attorneys for Defendant

# ATTACHMENT A

# Notice Of Pending Class Action

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS CASTILLO, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>P & R ENTERPRISES, INC., )<br>)<br>Defendant. )<br>_____) | Case No. 07-cv-1195 (CKK/JMF) |

**NOTICE OF PENDING CLASS ACTION**

TO: All workers who were employed by P & R Enterprises, Inc. (we will refer to this company as "Defendant") cleaning buildings in the District of Columbia at any time since July 1, 2004 to the present.

1. <u>What is this notice about?</u>

The purpose of this Notice is to tell you about a collective lawsuit in which you may be eligible to become a member, to tell you of how your rights may be affected by this lawsuit, and to give you information about how to join the lawsuit if you wish to do so.

2. <u>What is the lawsuit about?</u>

Carlos Castillo and Carlos Flores (we will call them "the Plaintiffs") worked for Defendant in the District of Columbia between July 1, 2004 and November, 2006. They have sued the Defendant, claiming, among other things, that:

> Defendant failed to pay them overtime wages equal to one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek. For example, if an employee's regular rate of pay was $10.00/hour, they should have been paid $15.00/hour for hours they worked over 40 in a workweek.

They seek to be paid for the overtime they worked, plus an equal amount of money as liquidated damages, plus their attorneys' fees and costs.

Plaintiffs contend that Defendant violated two laws by not paying overtime: the federal Fair Labor Standards Act ("FLSA") and the District of Columbia's Minimum Wage Act Revision Act ("DC-MWA").

Plaintiffs bring these claims as a collective action. This means they have brought the lawsuit for themselves and for all other workers who are "similarly situated" to them in terms of these claims.

For both the federal FLSA overtime claim and the DC-MWA overtime claim, workers who are "similarly situated" are those who were employed by Defendant to clean buildings in the District of Columbia since July 1, 2004 and the present and who were not paid time and one-half for the hours they worked over 40 in a workweek.

P&R denies Plaintiffs' allegations and maintains, among other things, that any failure to properly compensate its employees was not condoned by P&R and is inconsistent with its policies. P&R also asserts that it exercised good faith in its efforts to comply with applicable law.
.
The Court has not made any rulings on whether the Plaintiffs or Defendant are right. Nothing in this Notice should be understood as a statement about who the Court believes is right or may be right. That decision has not been made and will be made only after further proceedings.

3.      <u>Why did I get this notice?</u>

You received this notice because you are potentially a class member in this case, either for the federal FLSA overtime claims or for the DC-MWA overtime claims.

If you know other employees who worked for Defendant cleaning buildings at any time since July 1, 2004, and did not get a copy of this Notice, you may tell them to call the Plaintiffs' lawyers at (202) 828-9675 ext. 18 to get a copy of this notice.

4.      <u>What are the decisions that I need to make?</u>

If you believe you worked more than 40 hours in a workweek for Defendant and were not paid one and one-half your regular rate of pay for the hours you worked over 40, you may have an overtime claim against Defendant.

You may join this lawsuit – that is, you may "opt in" – as long as you complete and mail a "Consent to Join Action" form on or before _____, 2008. A Consent to Join Action form is enclosed, and you can obtain additional copies from Plaintiffs' lawyers at the addresses below.

There is a two-year statute of limitation on any claim you may have for unpaid overtime under the federal FLSA. This time may be extended to three years if Plaintiffs can prove that the Defendant's violation of the FLSA was willful. Willful means that the Defendant knew or should have known that it was required to pay overtime wages, but failed to do so.

There is a three-year statute of limitations on any claim you may have for unpaid overtime under the DC-MWA.

The statute of limitations means that you can only recover overtime that Defendant failed to pay you in the two or three years before you filed suit. If you join this lawsuit, you will be eligible to recover any unpaid overtime back to two or three years from the date your Consent to Joint Action form is filed in court.

If you sign the Consent to Join Action, you will be a Plaintiff in the case. In addition to any unpaid overtime, you may be eligible to seek damages, called "liquidated damages" equal to two-times any unpaid overtime wages. As a Plaintiff, you may have to answer written questions under oath about your overtime claim and you may have to testify under oath at a deposition or in court and respond to document requests. If Defendant wins the lawsuit, and the Court orders that Plaintiffs pay Defendant its costs, you may be required to share in liability for Defendant's costs.

If you do not want to be a Plaintiff in this case, you do not need to anything. You will not be affected either way by any decisions the Court makes about whether Defendant violated the law.

If you choose not to join this suit, you are free to file your own lawsuit. If you do not join this lawsuit, the statute of limitations will continue to run against any overtime claim you may have, until the time that you bring a lawsuit yourself. For example, if you decide to file your own lawsuit and you wait until February 2008 to file your lawsuit, you will only be able to collect unpaid overtime from February 2006 until the present, or until the time you stopped working for Defendant, or from February 2005 if you worked in the District of Columbia or if the court decided Defendant willfully violated the federal FLSA.

5.    <u>What are my protections against retaliation?</u>

Federal and state law prohibit Defendant from discharging or in any other manner discriminating against you because you "opt in" to this lawsuit, or in any other way exercise your rights under the FLSA or the DC-MWA.


6.    <u>Who will represent me if I join the lawsuit?</u>

3

The counsel for the class are:

| | |
|---|---|
| Arthur P. Rogers<br>D.C. EMPLOYMENT JUSTICE CENTER<br>727 15th Street, NW, 2nd Floor<br>Washington, DC 20005<br>Tel. (202) 828-9675 ext. 18 | Mark Hanna<br>Joni S. Jacobs<br>DAVIS, COWELL & BOWE, LLP<br>1701 K Street, NW, Suite 210<br>Washington, DC 20006<br>Tel. (202) 223-2620 |

You may also join this lawsuit by retaining another lawyer of your own choosing. If you wish to obtain another lawyer of your own choosing, do not sign or return the attached Consent to Join Action form. Instead, your lawyer must take the appropriate steps to join this lawsuit within 60 days of the date of this Notice.

7. What should I do if my address changes?

**CONTACT THE ATTORNEYS ABOVE IF YOU CHANGE YOUR ADDRESS.** Without a current address, it may not be possible to keep you informed of developments in the case.

8. Who can I contact if I want further information?

If you have questions about the settlement or need help understanding this Notice, you can contact the D.C. Employment Justice Center by writing or calling:

D.C. EMPLOYMENT JUSTICE CENTER
727 15th Street, NW, 2nd Floor
Washington, DC 20005
Tel. (202) 828-9675, ext. 18

**DO NOT CALL THE COURT OR THE CLERK OF THE COURT.**

**PERMISSION TO CONTACT YOU HAS BEEN GRANTED BY THE UNITED STATES DISTRICT COURT. HOWEVER, THE COURT TAKES NO POSITION ON WHETHER PLAINTIFFS OR DEFENDANT ARE RIGHT.**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARLOS CASTILLO, et al., | ) | Case No. 07-cv-1195 (CKK/JMF) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| P & R ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### CONSENT TO JOIN ACTION

I hereby agree and consent to be a party plaintiff in a lawsuit under the overtime and minimum wage provisions of the Fair Labor Standards Act and the District of Columbia Minimum Wage Act Revision Act with respect to my labor with P & R Enterprises, Inc.

**MY NAME:** _____

**MY ADDRESS:** _____

_____

**MY TELEPHONE NUMBER (if any):** _____


_____     _____
Signature                              Date

**IF YOU CHOOSE TO PARTICIPATE, PLEASE RETURN THIS TO THE FOLLOWING ADDRESS BY** _____.

D.C. EMPLOYMENT JUSTICE CENTER
727 15th Street, NW, 2nd Floor
Washington, DC 20005

# ATTACHMENT B

# Spanish Translation of

# Notice Of Pending Class Action

**CORTE DEL DISTRITO DE LOS ESTADOS UNIDOS**

**PARA EL DISTRITO DE COLUMBIA**

| | | |
|---|---|---|
| CARLOS CASTILLO, et al., | ) | Caso No. 07-cv-1195 (CKK/JMF) |
| | ) | |
| Demandantes, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| P & R ENTERPRISES, INC., | ) | |
| | ) | |
| Demandado. | ) | |
| | ) | |

**ANUNCIO DE UNA DEMANDA COLECTIVA PENDIENTE**

PARA: Todos los trabajadores que han sido empleados por P & R Enterprises, Inc. (nos referiremos a esta compañia como "el Demandado") limpiando edificios en el Distrito de Columbia desde 1 de julio del 2004 a la fecha de hoy.

1.    ¿A qué se refiere este anuncio?

El propósito de este Anuncio es hacerle a usted saber de una demanda colectiva , en la cual usted podría ser considerado como miembro del grupo, hacerle saber como sus derechos podrían ser afectados por esta demanda, y darle información acerca de cómo ser parte a esta demanda si usted así lo desea.

2.    ¿De qué es la demanda?

Carlos Castillo y Carlos Flores (aquí los llamaremos "los demandantes") trabajaron para "el Demandado" en el Distrito de Columbia entre el 1 de julio del 2004 y noviembre del 2006. Ellos han enjuiciado al Demandado, reclamando, entre otras cosas, lo siguiente:

> El Demandado no les pagaba a ellos la tarifa por horas extras equivalente a una y media veces la tarifa regular de pago por todas las horas trabajadas que excedieron las 40 horas de trabajo semanal. Por ejemplo, si la tarifa de pago regular era de $10.00/por hora, ellos debían haber recibido $15.00/por hora por cada hora que ellos trabajaron sobre las 40 horas de trabajo semanal.

1

Ellos buscan ser pagados por las horas extras que trabajaron, más una cantidad de dinero equivalente en "Daños y perjuicios", además de los gastos y honorarios de sus abogados.

Los Demandantes aducen que el Demandado violó dos leyes al no pagarles horas extras: Primero, el Acto Federal de Estándares Laborales ("FLSA") y segundo: El Acto de Revisión de Sueldo Mínimo del Distrito de Columbia ("DC-MWA").

Los Demandantes presentan este reclamo como una Demanda Colectiva o de Grupo. Lo que cual significa que ellos han ejecutado la demanda por ellos mismos y por todos los trabajadores que están "situados similarmente" a ellos en términos de este reclamo.

Por el reclamo de horas extras bajo la ley federal "FLSA", y la ley de horas extras de "DC-MWA" los trabajadores que están "similarmente situados" son aquellos quienes fueron empleados por el Demandado para limpiar edificios desde el 1 de julio del 2004, hasta la presente fecha, quienes no fueron pagados tiempo y medio por las horas trabajadas sobre las 40 horas semanales.

El Demandado rechaza lo alegado por los demandantes y mantiene entre otras cosas, que cualquier incumplimiento en compensar apropiadamente a sus empleados no fue tolerado por el Demandado y que es inconsistente con sus políticas. El Demandado también afirma que ejecuto buena fe en su esfuerzo por cumplir con las leyes vigentes.

La Corte no ha tomado una decisión con respecto a si los Demandantes o el Demandado tiene la razón. Nada en este Anuncio deberá ser tomado como una declaración de quién la Corte cree este correcto o podría estar correcto. Esa decisión no se ha hecho todavía y será hecha sólo cuando el caso continúe con sus procedimientos.

3.    ¿Por qué recibí éste anuncio?

Usted recibió este anuncio porque los abogados que representan a los Demandantes y/o el Demandado tienen información que indica que usted es un miembro potencial del grupo en este caso, sea por protección bajo la ley federal FLSA por reclamos de horas extras, o bajo la ley DC-MWA por reclamos de horas extras.

Si usted conoce a alguien que trabajó por el Demandado limpiando edificios en cualquier momento desde el 1 de julio del 2004, y no recibió una copia de este Anuncio, usted puede decirle que llame a los abogados de los Demandantes al (202) 828-9675 ext. 18 para obtener una copia de este Anuncio.

4.    ¿Cuáles son las decisiones que necesito hacer?

2

Si usted cree que trabajó más de 40 horas a la semana para el Demandado y no recibió una y media veces más de la tarifa regular de pago trabajado sobre las 40 horas, usted podría tener un reclamo de horas extras en contra del Demandado.

Usted podría ser parte de esta demanda – es decir, usted puede "optar por ser parte de esta" siempre y cuando usted complete y nos envié por correo una forma de "Consentimiento de Acción Conjunta" antes del _____ del 2008. Una forma de "Consentimiento de Acción Conjunta" está incluida con este anuncio, y usted puede obtener copias adicionales con los abogados de los Demandantes en las direcciones mencionadas mas abajo.

Hay un estatuto de limitación de dos años para todo reclamos que usted tenga por horas extras no pagadas bajo la ley federal del FLSA. Esta duración puede extenderse a tres años si los Demandantes pueden probar que los Demandados violaron con intención la ley del FLSA. "Con intención" quiere decir que el Demandado sabía o debería de haber sabido que era necesario pagar sueldos por horas extras, pero no lo hacía.

Si usted fue empleado por el Demandado en el Distrito de Columbia, hay un estatuto de limitación de tres años por cualquier reclamo que usted pueda tener por horas extras no pagadas bajo la ley del DC-MWA.

El estatuto de limitaciones significa que usted sólo puede recuperar las horas extras que el Demandado no le pagó en los dos o tres años antes de haber presentado la demanda. Si usted se adiare a esta demanda, sería elegible para recuperar cualquier horas extras no pagadas de dos o tres años desde la fecha que usted consienta presentar en la corte su forma de Consentimiento de Acción Conjunta.

Si usted firma el Consentimiento de Acción Conjunta, usted sería un Demandante en el caso. En adición a recibir las horas extras no pagadas, usted podría ser elegible a exigir daños, llamados "Daños y Perjuicios" equivalentes a dos veces la cantidad del sueldo de horas extras no pagadas. Como Demandante, usted tendría que responder a preguntas por escrito bajo juramento con relación a su reclamo de horas extras y usted podría tener que testificar bajo juramento en un interrogatorio o en la corte y responder a petición de documentación. Si el Demandado gana el juicio, y la corte decide que los demandantes tienen que pagarle sus gastos defensa al Demandado, usted podría ser obligado a compartir la responsabilidad de pago de los gastos del Demandado.

3

Si usted no quiere ser un Demandante en este caso, usted no tiene que hacer nada. Usted no estará afectado de ninguna manera en la decisión cuando la Corte determine si el Demandado violó la ley o no.

Si usted elige no ser parte de esta demanda, tiene la libertad de presentar su propia demanda. Si usted no se junta a este juicio, el estatuto de limitaciones continuará corriendo en contra de cualquier reclamo de horas extras que pueda tener, hasta el día que presente su propia demanda. Por ejemplo, si usted decide presentar su propia demanda y espera hasta diciembre del 2007 para hacerlo, sólo tendrá la posibilidad de recuperar horas extras no pagadas desde diciembre del 2005 hasta la presente fecha, o hasta el momento en el que usted dejó de trabajar para el Demandado, o desde Noviembre del 2004 si usted trabajó en el Distrito de Columbia o si la corte decide que el Demandante voluntariamente violó la ley federal FLSA.

5.    ¿Qué me protege en contra de una represalia?

Las leyes federales y estatales prohíben que el Demandado lo despida o lo discrimine a usted en cualquier manera porque se ha unido a la demanda o porque ha ejecutado sus derechos en cualquier otra manera bajo las leyes del FLSA y el DC-MWA.

6.    ¿Quién me representará si soy parte de la demanda?

Los consejeros del grupo son:

| | |
|---|---|
| Arthur P. Rogers | Mark Hanna |
| CENTRO DE JUSTICIA EN EL | Joni S. Jacobs |
| TRABAJO DEL D.C. | DAVIS, COWELL & BOWE, LLP |
| 727 15th Street, NW, 2 Piso | 1701 K Street, NW, Suite 210 |
| Washington, DC 20005 | Washington, DC 20006 |
| Tel. (202) 828-9675 ext. 18 | Tel. (202) 223-2620 |

También puede unirse a la demanda eligiendo a su propio abogado. Si usted desea obtener su propio abogado, no firme ni devuelva la forma de "Consentimiento de Acción Conjunta". Por el contrario, su abogado tiene que tomar los pasos apropiados para unirse a la demanda dentro 60 días de la fecha de este anuncio.

7.    ¿Qué debo hacer si mi dirección cambia?

**CONTACTE A LOS ABOGADOS MENCIONADOS ARRIBA SI USTED CAMBIA DE DIRECCION.** Sin una dirección actual, no sería posible mantenerle informado del desarrollo del caso.

8.  ¿A quién puedo contactar si deseo más información?

Si usted tiene preguntas acerca del acuerdo final o de este Anuncio, usted puede ponerse en contacto llamando o escribiendo al Centro Judicial de Trabajo del D.C. al:

CENTRO JUDICIAL DE TRABAJO DEL D.C.
727 15th Street, NW, 2nd Floor
Washington, DC 20005
Tel. (202) 828-9675, ext. 18

**NO LLAME A LA OFICINA DEL ADMINISTRADOR DE LA CORTE O LA CORTE.**

**PERMISO PARA CONTACTARLE HA SIDO AUTORIZADO POR LA CORTE DEL DISTRITO DE LOS ESTADOS UNIDOS. SIN EMBARGO, LA CORTE NO TOMA NINGUNA POSICION SEA QUE EL DEMANDANTE O DEMANDADO TENGAN LA RAZON.**

**CORTE DEL DISTRITO DE LOS ESTADOS UNIDOS**

**PARA EL DISTRITO DE COLUMBIA**

| | |
|---|---|
| CARLOS CASTILLO, et al., ) | Caso No. 07-cv-1195 (CKK/JMF) |
| ) | |
| Demandantes, ) | |
| ) | |
| vs. ) | |
| ) | |
| P & R ENTERPRISES, INC., ) | |
| ) | |
| Demandado. ) | |
| ) | |

**CONSENTIMIENTO DE ACCION CONJUNTA**

__    Por medio de la presente estoy de acuerdo y consiento ser parte Demandante en el grupo que demanda bajo la provisión de horas extras y salario mínimo del Acto de Estándares Laborales Justos y del Acto de Revisión del Acto de Salarios Mínimos Del Distrito de Columbia con respecto a mi trabajo en P & R Enterprises, Inc.

**MI NOMBRE:** _____

**MI DIRECCION:** _____
_____
_____

**MI NÚMERO DE TELEFONO (Si tiene):** _____

_____    _____
Firma                                                     Fecha

**SI USTED DESEA PARTICIPAR, POR FAVOR REGRESE ESTE DOCUMENTO A LA SIGUIENTE DIRECCION A MAS TARDAR _____.**

Centro Judicial de Trabajo del D.C.
727 15th Street, NW, 2nd Floor
Washington, DC 20005