IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS CASTILLO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:07-cv-01195 CKK |
| v. ) | |
| ) | |
| P & R ENTERPRISES, INC., ) | |
| ) | |
| Defendant. ) | |

JOINT MOTION TO APPROVE REVISED NOTICE AND MODIFY ORDER OF JULY 11, 2008

Plaintiffs and Defendant P&R Enterprises, Inc. hereby move this Court to approve the attached revised Notice of Class Action Lawsuit and Proposed Settlement (the "Notice") and to modify its July 11, 2008, Order. In support of their motion, the parties state as follows:

1. On July 11, 2008, the Court issued an Order Certifying Settlement Class and Preliminarily Approving Settlement in the above-captioned case. In that Order, the Court approved the Notice and directed the parties to mail it to potential class members no later than July 22, 2008. However, due to a delay in the ECF process, the July 11 Order was not sent to the parties until July 16, 2008, after 6:00 p.m. The parties are unable to comply with the July 22 deadline in light of this delay.

2. In addition, in order to comply with other provisions in the July 11 Order, the parties must substantively revise the Notice that was approved by the Court in the July 11 Order. The parties have attached hereto as Exhibit 1 a revised version of the Notice that contains the needed revisions. These revisions have been agreed to by both parties.

3. Therefore, the parties request that the Court issue a revised Order, on or before Wednesday, July 23, 2008, approving the attached revised version of the Notice and directing the parties to mail the revised Notice no later than August 1, 2008.

DC1 30234828.1

WHEREFORE, the parties respectfully request that their motion be granted.

        Respectfully submitted,

By  /s/ Karla Grossenbacher
    Karla Grossenbacher (Bar #442544)
    SEYFARTH SHAW LLP
    815 Connecticut Avenue, N.W.
    Suite 500
    Washington, D.C. 20006-4004
    (202) 463-2400

    Attorneys for Defendant

By  /s/ Joni S. Jacobs
    Mark Hanna (Bar #471960)
    Joni S. Jacobs (Bar #493846)
    Davis, Cowell & Bowe, LLP
    1701 K Street, N.W., Suite 210
    Washington, DC  20006
    (202) 223-2620

    Arthur P. Roger (Bar #390844)
    D.C. Employment Justice Center
    727 15th Street, N.W., 2nd Floor
    Washington, DC  20005
    (202) 828-9675 ext. 18

    Attorneys for Plaintiffs

Dated:  July 22, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS CASTILLO, et al.,              ) | Case No. 07-cv-1195 (CKK) |
|                                       ) | |
|                Plaintiffs,    ) | |
|                                       ) | |
| v.                                    ) | |
|                                       ) | |
| P & R ENTERPRISES, INC.,              ) | |
|                                       ) | |
|                Defendant.    ) | |
| _____) | |

**NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT**

1. <u>What is this notice about?</u>

     This court-authorized notice is to inform you that a class action lawsuit is pending that involves all workers who were employed by P & R Enterprises, Inc. (the "Defendant") to clean buildings in the District of Columbia at any time between June 1, 2004 and April 28, 2008, and that a settlement has been proposed by the parties in the case. This notice explains what the lawsuit is about, the terms of the proposed settlement and your legal rights and options.

2. <u>What is the lawsuit about?</u>

     Carlos Castillo and Carlos Flores (the "Plaintiffs") worked for Defendant in the District of Columbia between June 2004 and November 2006. They have sued the Defendant, claiming, among other things, that Defendant did not pay them for time they worked before and after their shifts and while they were supposed to be on break, in violation of the District of Columbia Wage Payment and Wage Collection Act (the "Unpaid Wages Claim"). They seek to be paid for all the time they worked for which they have not been paid since June 1, 2004, plus an equal amount of money as liquidated damages, plus their attorneys' fees and costs.

3. <u>What is a class action lawsuit?</u>

     Plaintiffs bring the Unpaid Wages Claim as a class action on behalf of themselves and all potential class members. In a class action, one court resolves the issues for all class members, except those who exclude themselves from the class. The potential class members in this class are all workers who were employed by the Defendant to clean

1

DC1 30228130.4

buildings in the District of Columbia at any time since June 1, 2004 to April 28, 2008. Mr. Castillo and Mr. Flores are the "Class Representatives."

4. Has the Court decided who is right or wrong in the lawsuit?

The Court has not made any rulings on whether the Plaintiffs or Defendant are right. Nothing in this Notice should be understood as a statement about who the Court believes is right or may be right. P&R denies Plaintiffs' allegations and maintains, among other things, that no work was performed for which employees were not paid and that any failure to properly compensate its employees was not condoned by P&R and is inconsistent with its policies. P&R also asserts that it exercised good faith in its efforts to comply with applicable law.

5. Why did I get this notice?

You received this notice because the lawyers for Plaintiffs and/or Defendant have information that indicates you were employed by the Defendant to clean buildings in the District of Columbia between June 1, 2004 to April 28, 2008.

6. Do I have a lawyer in this case?

The Court has appointed the following attorneys as "Class Counsel" to represent you and other class members.

| | |
|---|---|
| Arthur P. Rogers | Mark Hanna |
| D.C. EMPLOYMENT JUSTICE CENTER | Joni S. Jacobs |
| | DAVIS, COWELL & BOWE, LLP |
| 727 15th Street, NW, 2nd Floor | 1701 K Street, NW, Suite 210 |
| Washington, DC 20005 | Washington, DC 20006 |
| Tel. (202) 828-9675 ext. 21 or 18 | Tel. (202) 223-2620 |

You do not have to pay Class Counsel. If you want to be represented by your own lawyer and have that lawyer appear in court for you in this case, you may hire one at your own expense.

7. Why is there a settlement?

The court did not decide in favor of the Plaintiffs or the Defendant. Instead, after extensive negotiations, both sides agreed to settle. That way, they avoid the risks and cost of a trial and the people affected will get a chance to receive compensation. The Class Representatives and Class Counsel think the settlement is best for all class members. The settlement does not mean that Defendant did anything wrong.

2

8. <u>How do I know if I am part of the settlement?</u>

If you received this notice in the mail, you have already been identified as a potential class member. If you do not exclude yourself, as explained below, you will be part of the class action lawsuit and settlement.

9. <u>How much will I receive under the settlement</u>?

If you do not exclude yourself from this class action lawsuit and settlement, as explained below, you will receive money pursuant to one of the following formulas, depending on whether you were full-time or part-time and whether you are currently employed by Defendant:

<u>Part-time former employees</u>: You will be paid for 30 minutes of work at a rate of $9.10/hr. for each week in which you performed worked for Defendant between June 1, 2004 and April 30, 2008, based on a maximum of 40 full workweeks in a calendar year.

<u>Full-time former employees</u>: You will be paid for 30 minutes of work at a rate of $9.80/hr. for each week in which you performed worked for Defendant between June 1, 2004 and April 30, 2008, based on a maximum of 40 full workweeks in a calendar year.

<u>Part-time current employees</u>: You will be paid for 45 minutes of work at a rate of $9.10/hr. for each week in which you performed worked for Defendant between June 1, 2004 and April 30, 2008, based on a maximum of 40 full workweeks in a calendar year.

<u>Full-time current employees</u>: You will be paid for 45 minutes of work at a rate of $9.80/hr. for each week in which you performed worked for Defendant between June 1, 2004 and April 30, 2008, based on a maximum of 40 full work weeks in a calendar year.

***Example***, if you worked full time for Defendant from August 1, 2004 to September 30, 2005, your settlement amount would be calculated as follows:

8/01/04 to 12/31/04 = 21 weeks x .77* = 17 weeks (rounded up)
    (* The .77 multiplier for a maximum of 40 full workweeks in a year)
1/01/05 to 9/30/05 = 39 weeks  x .77  = 31 (rounded up)
17 + 31 = 48 weeks total
30 minutes per week x 48 weeks  = 1440 minutes (24 hours)
24 hours x $9.80/hr = $235.20

DC1 30228130.4

Your status as full-time or part-time and the number of weeks you performed work for the Defendant between June 1, 2004, and April 30, 2008, will be determined from the information contained in Defendant's records as of April 30, 2008.  **You will be bound by Defendant's records as to the check(s) you received unless you produce pay stubs showing that you worked more time for Defendant within 90 days of the date on which the settlement check(s) is mailed**.

As part of the settlement, Class Counsel will receive $117,000 in attorneys' fees and $4,000 in costs in this case.  This is only a portion of the attorneys' fees and costs spent pursuing the claims raised in this lawsuit.  Class Counsel agreed to significantly reduce the claim for attorneys' fees in order to settle this case.  Plaintiffs Castillo and Flores as Class Representatives will each receive an additional payment of $3,000 for their efforts in initiating and pursuing this lawsuit.  Defendant is making these payments directly to Class Counsel and the Class Representatives; they do not come out of your share of the settlement amount.

10. <u>When will I receive the settlement amount?</u>

    If you do not exclude yourself from this class action lawsuit and settlement, as explained below, you will receive payment according to the following schedule:

    Former employees of Defendant:  50% on or before December 1, 2008, and 50% on or before June 1, 2009.

    Current employees of Defendant:  Beginning with the first payroll period following the effective date of the settlement, each paycheck will include an extra 45 minutes at $9.10/hour or $9.80/hour, depending upon whether you are part-time or full-time, until all payment due is received, or no later than the last payroll period in March 2009.

    Unless you wish to dispute the amount of money you are owed under the settlement, you must cash any settlement check you receive within 90 days of the date on which the check is mailed or it will be null and void.  If you wish to dispute the amount of money you are owed under the settlement, you cannot cash the check, and within the 90-day period of time to cash the settlement checks, you must provide Class Counsel, at the address in No. 6 above, pay stubs showing the period of time you worked for Defendant.

11. <u>What are the decisions that I need to make?</u>

    You need to decide if you want to participate in this class action lawsuit and settlement.  **If you want to participate, you do not need to do anything.  You will be**

4

**automatically included. You only need to take action if you DO NOT wish to participate in this class action lawsuit.**

12. How do I exclude myself from this class action lawsuit and settlement?

If you DO NOT wish to participate in this class action lawsuit, you must send a letter by mail saying that you want to be excluded from *Castillo, et al. v. P&R Enterprises, Inc.*, Case No. 07-cv-1195 (CKK). You must include your full name, address, phone number, a statement that you are requesting exclusion from the class and your signature in this letter. You must mail your request for exclusion so that it is received by Class Counsel no later than September 12, 2008, at the address in No. 6 above and they will inform the Court and Defendant of your request for exclusion. If you do not exclude yourself, you will be part of this class action lawsuit and bound by the settlement and the Court's final judgment in this matter.

13. If I do not exclude myself, can I sue Defendant for the same thing later?

**Unless you exclude yourself, you give up any claim that this settlement resolves, including claims for overtime and unpaid wages**. You must exclude yourself from the class action lawsuit and settlement if you wish to sue the Defendant or file a complaint with a government agency over any claim that you are entitled to be paid for overtime or for time worked before or after your shift, or while you were on break, from June 1, 2004 through April 30, 2008. Specifically, if you do not exclude yourself from this class action lawsuit and settlement, you will be bound by the settlement and the Court's final judgment in this matter and also be bound by the following release of claims:

> In exchange for the settlement payment, I, for myself and for anyone who has or who obtains legal rights or claims from me, forever release and discharge P&R Enterprises, its owners, officers, directors, employees, agents, assigns, representatives, attorneys, affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the lawsuit styled *Castillo, et al. v. P&R Enterprises, Inc.*, Case No. 07-cv-1195 (CKK), U.S. District Court for the District of Columbia, from any and all claims and causes of action, of any kind whatsoever, whether arising under federal, state or other applicable law, that I have or may have, known or unknown, for overtime or unpaid wages that were or could have been asserted in this lawsuit and that arose during the period June 1, 2004 and April 30, 2008 (the "Released Claims"). The Released Claims include, but are not limited to, claims under the Fair Labor Standards Act, the

District of Columbia Minimum Wage Act Revision Act, the District of Columbia Wage Payment and Wage Collection Act, and any common law claim for compensation, breach of express or implied contract, quasi contract, quantum meruit, breach of duty of good faith, promissory estoppel, and unjust enrichment.  This release includes and encompasses therein any and all claims with respect to attorneys' fees, costs, and expenses (provided by statute or otherwise) for or by any and all attorneys, if any, who have represented me or with whom I have consulted or who have done anything in connection with the Lawsuit and/or any of the claims released herein.

14. What if I want to be part of the class action lawsuit and the settlement, but object to the terms of the settlement?

You can comment on the settlement if you do not like some part of it.  The Court will consider your views.  To do so, you must send in a written objection.  Be sure to include the case name and number (*Castillo, et al. v. P&R Enterprises, Inc*. Case No. 07-cv-1195 (CKK), your full name, address, telephone number, your signature, the specific reasons why you object to the settlement, and any legal support you wish to bring to the Court's attention and any evidence you wish to give in support of your objection. You must file your comment or objection with the Clerk of the Court no later than September 12, 2008.  You must also mail your comment or objection so that it is received by Class Counsel at the address in No. 6 above no later than September 12, 2008, and received by defense counsel no later than September 12, 2008, at the following address:

Karla Grossenbacher
Seyfarth Shaw LLP
815 Connecticut Avenue N.W., Suite 500
Washington DC, 20006

If you do not file and mail your comment or objection as set forth above, it will not be considered and you will forfeit your right to object and you will be bound by the settlement and the Court's final judgment in this matter unless you have filed a request for exclusion as set forth in No. 12. above.

15. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the settlement.  You can object only if you stay in the class action lawsuit and settlement. Excluding yourself is telling the Court that you do not want to be part of the class action lawsuit or settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.

6

16. <u>Will I still receive a payment from the settlement even if I object?</u>

    Yes.  If you object to the settlement, the Court will consider your objection.  If the settlement is approved despite your objection, you will still be given the settlement amount that applies to you.

17. <u>If I exclude myself, can I get a payment from this settlement?</u>

    No.  If you exclude yourself, you will not receive money under this settlement.

18. <u>When and where will the Court decide if it will approve the settlement?</u>

    The Court has scheduled a fairness hearing at 9:00 a.m. on October 15, 2008, at the United States Courthouse, 333 Constitution Avenue NW, Washington D.C., 20001, Courtroom 28A.  At this hearing the Court will consider whether the settlement is fair, reasonable and adequate.  If there are objections, the Court will consider them.  At or after the hearing, the Court will decide whether to approve the settlement.  We do not know how long this decision will take.

19. <u>Do I have to come to the hearing?</u>

    No, Class Counsel will answer any questions the Court may have on behalf of class members.  If you want to attend, you are welcome to come at your own expense.  If you send an objection, you do not have to come to court to talk about it.  As long as you file and mail your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend the hearing, but that is not necessary.

20. <u>May I speak at the hearing?</u>

    You may speak at the hearing in support of the settlement to the extent allowed by the Court.  You may speak at the hearing in opposition to the settlement to the extent allowed by the Court or cause briefs or papers to be filed only if you have filed and served a comment or objection in compliance with No. 14 above.

21. **<u>What should I do if my address changes after I receive this notice?</u>**

    **Without a current address, you may not receive the settlement payment to which you may be entitled.  Please send a notice of your new address to Class Counsel at the address in No. 6 above.**

22. <u>Who can I contact if I want further information?</u>

If you have questions about the settlement or need help understanding this Notice, you can contact Class Counsel at the numbers set forth above.  <u>DO NOT</u> CALL THE COURT OR THE CLERK OF THE COURT.

**<u>WHAT IF I DO NOTHING IN RESPONSE TO THIS NOTICE?</u>**

You have the right to do nothing.  **If you do nothing, you will be part of the class action lawsuit and settlement, and will receive a payment according to the formula in No. 9 above.  You will give up all claims that could be resolved by this settlement.  Specifically, you will be bound by the release of claims in No. 13 above.**