UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARLOS CASTILLO, et al., | ) | Case No. 07-cv-1195 CKK JMF |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| P & R ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Defendant P&R Enterprises, Inc. ("Defendant" or "P&R") and Plaintiffs (collectively, the

"Parties"), by and through their counsel of record, respectfully request that the Court give final

approval to the class settlement reached in this matter at the hearing set in this matter on October

15, 2008, at 9:00 a.m.

The Parties hereby submit this memorandum of points and authorities in support of the

Joint Motion For Final Approval Of Class Settlement.

**INTRODUCTION**

The Parties have resolved the claims at issue in the above-captioned case (the "Lawsuit")

by negotiating a proposed settlement that embodies reasonable compromises that are fair to the

Parties and are in the best interests of the Plaintiffs and class members.  The proposed settlement

is the result of months of extensive arm's length negotiations between the Parties, which

included three separate mediation sessions before United States Magistrate Judge Alan Kay.  The

proposed settlement reflects a desire by the Parties to fully and finally settle and compromise the

claims in the Lawsuit, as outlined more specifically in the attached proposed General Release

and Settlement Agreement (the "Settlement Agreement," attached hereto as Exhibit A[1]).

On July 11, 2008, the Court issued its Order Certifying Settlement Class and

Preliminarily Approving Settlement, which Order was subsequently modified on July 22, 2008.

Pursuant to the Court's Orders, class members were given the opportunity to submit objections

to the proposed settlement to Class Counsel on or before September 12, 2008.  Although a tiny

number of individuals opted out of the settlement class, no class member filed an objection to the

proposed settlement.  The parties now ask this Court to give final approval to the proposed

settlement for the reasons set forth below.

## STATEMENT OF FACTS

### I.       BASIS OF THE LAWSUIT.

In June 2007, Plaintiffs Carlos Castillo and Carlos Flores filed the Lawsuit, alleging

violations of the Fair Labor Standards Act ("FLSA"), the District of Columbia Minimum Wage

Act Revision Act (DCMWA) and the District of Columbia Wage Payment and Wage Collection

Act (the "DC Wage Payment Law").  Specifically, Plaintiffs Castillo and Flores alleged that they

were not paid for all hours worked, including overtime, in conformance with applicable law.

The FLSA and DCMWA claims were filed as a collective action (the "FLSA Collective

Action").  The claim under the D.C. Wage Payment Law was filed as a class action under Rule

23 of the Federal Rules of Civil Procedure (the "District Action").  P&R denies all the material

allegations set forth in Plaintiffs' complaint.

---

[1]       There are five exhibits to the Settlement Agreement.  Only Exhibit D is attached to the
Settlement Agreement that is attached to the Parties' motion.  Exhibits A-C and E, as explained
in the Settlement Agreement, contain lists of the individual plaintiffs and class members for
purposes of settlement.  They are quite voluminous.  Should the Court wish to review these
Exhibits, rather than filing them with the instant motion, the Parties will make Exhibits A, B, C
and E available at or before the fairness hearing on October 15, 2008, as the Court may direct.

On October 19, 2007, this Court conditionally certified an opt-in class in the FLSA

Collective Action, and notice was issued to potential class members on or about November 30,

2007, to give the opportunity for potential class members to "opt-in" to the FLSA Collective

Action.  The period for "opting-in" to the FLSA Collective Action has expired.  There are now

20 plaintiffs in the FLSA Collective Action (Plaintiffs Castillo and Flores and eighteen "opt-in"

plaintiffs).

## II.     THE PARTIES REACH A SETTLEMENT OF THE  CLAIMS IN THE LAWSUIT.

Over the course of several months, the Parties participated in arm's length settlement

negotiations and, as a result of such negotiations, have agreed to settle all claims in the Lawsuit.

These negotiations involved three mediation sessions with United States Magistrate Judge Alan

Kay on December 20, 2007, February 22, 2008, and March 19, 2008.  The proposed settlement

was reached in full compliance with Rule 1.8 of the Rules of Professional Conduct.

As set forth in the Settlement Agreement, each plaintiff in the FLSA Collective Action

and each class member in the District Action who does not "opt out" and can be found will

automatically receive an agreed-upon settlement payment pursuant to a formula that is based on

the individual's status as a current or former part-time or full-time employee and the number of

weeks during which he/she performed work for Defendant during the applicable statute of

limitations.  The settlement also provides for compensation to Plaintiffs' counsel and an

enhancement bonus for Plaintiffs Castillo and Flores for their participation as class

representatives.

## III.    THE COURT CERTIFIES THE CLASS FOR PURPOSES OF SETTLEMENT AND NOTICES ARE SENT.

On July 11, 2008, this Court certified a class in the District Action for purposes of

effectuating settlement only, consisting of all employees who performed cleaning work as their

primary duty for Defendant in the District of Columbia between June 1, 2004, and April 28, 2008.  On July 22, 2008, the Court approved the final version of the Notice of Class Action Lawsuit and Proposed Settlement (the "Notice") and directed that it be sent to potential class members no later than August 1, 2008.

On or before that date, the Notice approved by the Court, along with a Spanish translation of the same approved by Class counsel and Defendant's counsel, was mailed to 2,896 persons whom Defendant represented to be potential class members.  *See* Certification of Joni Jacobs served and filed herewith, ¶2.

## IV.   A SMALL NUMBER OF EXCLUSIONS ARE RECEIVED BOTH BEFORE AND AFTER THE TIME PERIOD SET FORTH IN THE COURT'S ORDER.

Class counsel received no objections from potential class members regarding the proposed settlement.  Jacobs Cert., ¶4.

On or before the September 12, 2008 deadline set by the Court for requesting exclusion from the Class, Class counsel received 15 requests from potential class members to be excluded from the Class and the settlement.  *See* Notice of Receipt of Requests For Exclusion From Class Action filed September 16, 2008 [Dckt. #42].

Class counsel also received a belated request for exclusion from Maria D. Ventura. Although the request was dated September 3, 2008, it was not postmarked until September 18, 2008.  Jacobs Cert., ¶6.  Class counsel seeks the Court's ruling on whether Ms. Ventura's belated request for exclusion from the class should be honored.

Class counsel also received telephone calls from Maria Sanchez, Jose Sanchez and Javier Morales, three potential class members, indicating that they intended to submit written requests for exclusion.  However, no written requests for exclusion have been received by Class counsel from these individuals to date.  Jacobs Cert., ¶7.  Class counsel seeks the Court's ruling on

whether these oral indications of intents to request exclusion should be treated as requests for exclusion.

In reaching this proposed settlement, the Parties and their counsel have considered the interests of all concerned and are in agreement that those interests are best served by compromise, settlement, and dismissal of the Plaintiffs' claims with prejudice.  The Parties have also agreed that the proposed settlement is fair, reasonable, adequate, and in the Parties' mutual best interests.  For the reasons set forth below, the Parties jointly and respectfully request that the Court enter an Order approving the settlement as fair, adequate and reasonable.

## ARGUMENT

### I.   THE COURT SHOULD APPROVE THE SETTLEMENT OF THE LAWSUIT AS FAIR, ADEQUATE AND REASONABLE .

#### A.   The Court's Approval Of The Settlement Is Required.

This Court's approval of the settlement for both the FLSA Collective Action and the District Action is needed.  With regard to the FLSA Collective Action, it is settled law that employees and employers may settle private lawsuits under the FLSA only if the settlement is approved by a court or the Department of Labor.  *See, e.g.*, *Schulte v. Gangi*, 328 U.S. 108 (1946); *Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Brask v. Heartland Automotive Services, Inc.,* No. 06-11 (RHK/AJB), 2006 WL 2524212, at *1-2 (D. Minn. Aug. 15, 2006); *Thornton v. Solutionone Cleaning Concepts, Inc.*, No. 06-1455, 2007 U.S. Dist. LEXIS 8683, at *10-11 (E.D. Cal. Jan. 25, 2007); *Manning v. N.Y. Univ.*, No. 98 Civ. 3300 (NRB), 2001 U.S. Dist. LEXIS 12697 (S.D.N.Y. August 21, 2001), *aff'd*, 299 F.3d 156 (2d Cir. 2002), *cert. denied*, 123 S. Ct. 2092 (2003) (citing *Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947) and *Bracey v. Luray*, 161 F.2d 128 (4th Cir. 1947)).  The Court may approve a settlement of FLSA claims upon its determination that the settlement is fair

and reasonable. *Schulte*, 328 U.S. 108; *Lynn's Food Stores*, 679 F.2d at 1353; *Brask*, 2006 WL

2524212 at *2; *Pessoa*, 2007 U.S. Dist. LEXIS 24076, at *6; *Stalnaker v. Novar Corp.*, 293 F.

Supp. 2d 1260, 1263 (M.D. Ala. 2003); *Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 604 n.2

(E.D. Va. 1999).

As to the District Action, Rule 23 of the Federal Rules of Civil Procedure provides that

class actions may be dismissed, settled or compromised only with the approval of the Court.

Moreover, "[b]efore giving its approval, the Court must provide adequate notice to all members

of the class, conduct a fairness hearing, and find, after notice and hearing, that the 'settlement is

fair, adequate and reasonable and is not the product of collusion between the parties'."

*Blackman v. D.C.*, 454 F. Supp.2d 3, 7 (D.D.C. 2006) (quoting *Thomas v. Albright*, 139 F.3d

227, 231 (D.C. Cir.), *cert. denied*, 525 U.S. 1033 (1998).

**B.     Standard Of Review.**

Courts asked to approve FLSA overtime settlement agreements operate under a "strong

presumption in favor of finding a settlement fair." *Pessoa, et al. v. Countrywide Home Loans,

Inc.*, No. 07-1419-Orl-JGG, 2007 U.S. Dist. LEXIS 24076, at *6 (M.D. Fla. Apr. 2, 2007)

(approving parties' settlement agreement in a FLSA overtime case) (citation omitted).  Likewise,

under Rule 23, it is "well-established that courts assume a limited role when reviewing a

proposed class action settlement . . . and should not substitute their judgment for that of counsel

who negotiated the settlement." *Osher v. SCA Realty I*, 945 F. Supp. 298, 304 (D.D.C. 1996).

"Rather, courts favor the resolution of dispute through voluntary compromise [and] [i]n the

context of class actions, settlement is particularly appropriate given the litigation expenses and

judicial resources required in many such suits." *Id.  See also In Re Vitamins Antitrust Litigation*,

305 F. Supp.2d 100 (D.D.C. 2004) ("The Rule 23 requirements are fully consistent with the

long-standing judicial attitude favoring class action settlements.")

**C.**   **The Factors To Be Consider In Reviewing A Proposed Settlement Are All Met Here.**

Courts reviewing proposed settlements under the FLSA and Rule 23 consider a variety of factors, but the principle inquiry is whether or not the proposed settlement is a "fair and reasonable resolution of a bona fide dispute." *Pessoa*, 2007 U.S. Dist. LEXIS 24076, at *6. *See e.g., Lynn's Food Stores*, 679 F.2d at 1354; *Jarrard*, 163 F.2d at 961; *Brask*, 2006 WL 2524212 at *2; *Stalnaker*, 293 F. Supp. 2d at 1263. "In this Circuit, there is 'no obligatory test' that the Court must use to determine whether a settlement is fair, adequate and reasonable." *Blackman*, 454 F. Supp.2d at 8 (quoting *Pigford*, 206 F.3d at 1217)). "Instead, the Court must consider the facts and circumstances of the case, ascertain what factors are most relevant in the circumstance, and exercise its discretion in deciding whether approval of the proposed settlement is fair." *Id.* In making this determination, "courts in this Circuit have examined the following factors: (a) whether the settlement is the result of arm's length negotiations; (b) the terms of the settlement in relation to the strength of plaintiffs' case; (c) the status of the litigation at the time of settlement; (d) the reaction of the class; and (e) the opinion of experienced counsel." *In Re Vitamins Litigation*, 305 F. Supp.2d at 104 (collecting cases) (citations omitted).

**1.**   **The settlement is the result of arms-length negotiations.**

"A presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arm's length negotiations between experienced, capable counsel after meaningful discovery." *In re Vitamins Antitrust Litigation*, 305 F. Supp.2d 100, 104 (D.D.C. 2004). Here, the proposed settlement is the result of extensive negotiations that took place over several months and involved three mediations sessions with U.S. Magistrate Judge Alan Kay. Both parties were represent by experienced counsel throughout this process and meaningful discovery was conducted, *see supra* Part. II. C.3 below. As a result of these negotiations, the Parties and their counsel believe that have reached a settlement that is fair, adequate and reasonable.

2. **The terms of the settlement are fair and reasonable to Class Members in relation to the strength of Plaintiffs' case, the _bona fide_ disputes as to liability, and the Class Members' ability to recover damages.**

"The most important factor in the Court's evaluation of a proposed class action settlement is how the relief secured by the settlement compares to the class members' likely recovery had the case gone to trial." _Blackman_, 454 F. Supp.2d at 9-10 (citing _Pigford II_, 206 F.3d at 1217). _See Thomas v. Albright,_ 139 F.3d 227, 231 (D.C. Cir. 1998). Courts recognize, however, that "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." _In re General Motors Corp. Pick-Up Truck Fuel Tanks Prods. Liab. Lit.,_ 55 F.3d 768, 806 (3d Cir. 1995).

Plaintiffs in the FLSA Collective Action and the class members in the District Action claim that they performed work before and after their shift and during unpaid breaks for which they were not compensated. P&R generally denies the allegations in the Lawsuit. In particular, Defendant disputes that either Plaintiffs or the class members performed such work. In addition, Defendant asserts that, even if some individuals performed such work, it was not compensable because it was _de minimis_ or because Defendant had no notice that it was being performed.

In order to recover damages at trial, Plaintiffs and the class members will need to establish through admissible evidence that they performed this "off the clock" work. Given the nature of an "off the clock" claim, there is often very little in terms of documentation to establish that work was performed, the nature and duration of the work and how often it was performed. Thus, even if Plaintiffs and the class members establish liability against Defendant, there are genuine issues as to their ability to prove their damages. The proposed settlement provides Plaintiffs and class members with a guaranteed cash payment, thereby obviating the need for them to provide documentation or other evidence in support of their recovery. Moreover, Plaintiffs and class members will receive the payment on an agreed upon schedule with

payments beginning as early as next month with all payments made in full by June 2009 instead of waiting for the completion of discovery, briefing on class issues and an eventual trial and possible appeal.

Moreover, even if they were to prevail at trial and prove their damages, the ability of Plaintiffs and the class to recover at trial would still be uncertain given the costly and time-consuming nature of this type of complex litigation. Had this litigation continued to trial, it is unclear if Defendant would have had the wherewithal to pay the costs and fees associated with defending itself, and in the event the class prevailed on their claims, to pay class counsel's fees plus any compensation due to the class. The proposed settlement acknowledges the fact that, by the time any judgment would have been reached in the Lawsuit, Defendant might have been judgment-proof. Settling the case now guarantees that Plaintiffs and the class members will receive compensation for their claims, and thus the terms of the settlement support this Court's approval. *See In Re Baan*, 284 F. Supp. 2d at 66 (settlement approved where plaintiffs "faced a serious risk that the continued prosecution of the case – even if successful – would result in a judgment against Defendants that would be partially, if not completely, uncollectible.").

The proposed settlement provides that Plaintiffs in the FLSA Collective Action and the class members in the District Action will receive settlement payments pursuant to a formula that is based on the individual's status as a current or former part-time or full-time employee and the number of weeks he/she performed work for Defendant during the applicable statute of limitations. These payments are essentially automatic in the sense that class members are not required to submit claim forms in order to receive a settlement payment. Defendant will send checks to all class members who do not opt-out of the settlement and can be found.

When one balances the uncertainty of a recovery at a trial against the certainty of an automatic settlement payment, it is clear the proposed class action settlement is a superior

9

method by which to resolve Plaintiff's and the class members' claims.  The settlement is

intended to provide class members with compensation for their claims in the Lawsuit without the

need for lengthy litigation or the uncertainty of a trial and uncertain results.  The proposed

settlement "accomplishes [this] purpose[] through . . . . a resolution mechanism that provides

those class members with little or no documentary evidence with a virtually automatic cash

payment." *Pigford*, 185 F.R.D. at 95.  Thus, the terms of the proposed settlement adequately and

fairly compensate class members in light of the uncertainty of their recovery in litigation.

### 3.   <u>The request for attorneys' fees and expenses is reasonable</u>.

The attorneys' fees and costs to Class counsel provided for in the settlement are

reasonable in light of the time expended in this case to obtain the recovery for the Class

members.

Prior to filing the Complaint in this matter, Class counsel spent a significant amount of

time meeting with the named Plaintiffs, reviewing their documents and investigating the

legitimacy of their claims.  Once the Complaint was filed, the settlement reached in this matter

was the result of hard-fought litigation and negotiations with Defendant.  Defendant opposed

Plaintiffs' motion for conditional certification of the FLSA claim, which required extensive

briefing of arguments.  The parties in good faith disagreed regarding the content of the Notice

sent out to potential FLSA class members, requiring briefing and a hearing before Magistrate

Facciola to resolve the content of the notice.  Class counsel bore the costs of printing and mailing

the Notice.

Subsequently the parties agreed to explore settlement, and agreed to an expedited but

limited discovery procedure to prepare for settlement discussions.  Even this limited discovery

procedure required Class counsel to expend hundreds of hours reviewing and analyzing

Defendant's time and payroll records and deposing certain of Defendant's management

employees.  Once the limited discovery was completed, the parties engaged in three separate

settlement discussion sessions with Magistrate Kay.  Class counsel expended time researching

and briefing issues raised during the course of settlement discussions.

After reaching settlement, Class counsel expended significant time corresponding with

the "opt in" FLSA plaintiffs to explain the settlement and obtain their approval; negotiating the

content of the Notices to be sent to the District Action class members; fielding calls from

potential class members; and working with defense counsel to prepare the papers necessary to

present the proposed settlement to the Court for approval.

In all, Class counsel have expended 711.5 attorney hours and 180.5 paralegal hours in

this matter.  The payment of $117,000 in attorneys' fees will compensate Class counsel at the

rate of $164.44 per attorney hour, and nothing for the  the time expended by paralegals.  This

rate is far below the normal *Laffey* Matrix rate that Class counsel have been awarded in

employment cases and that has been cited by courts as good evidence of the market rate for

attorneys practicing in employment law cases.  Jacobs Cert., ¶¶8-9.  *Laffey v. Northwest Airlines,*

*Inc.*, 572 F.Supp. 354, 371 (D.D.C. 1983).  Class counsel have also incurred expenses of

$4,51.64 in filing and service of process fees, legal research fees, mailing the FLSA notice to

class members, and taking the depositions of Defendant's witnesses to prepare for mediation and

settlement discussions.  Jacobs Cert., ¶10.  Thus, a payment of $4,000 to Class counsel to

compensate them for their expenses in prosecuting this action is reasonable.

### 4.   The incentive award to the named Plaintiffs is reasonable.

The payment of the $3,000 to the two named Plaintiffs as an incentive for bringing this

action is reasonable.  Not only did the two named Plaintiffs expend significant time meeting with

Class counsel and supplying records that provided the basis for the claims in the Complaint, but

they also expended significant time working with Class counsel to supply information as

necessary to support the motion for Notice to the FLSA class and productive settlement

negotiations.  The relatively modest incentive payment to compensate the Plaintiffs for their time

is reasonable in light of the time they spent prosecuting this action for the overall benefit of the

class members.

**5.      Status of litigation at settlement.**

This settlement has been reached after the Parties have had an opportunity to "assess the

strengths and weaknesses of the claims and defenses and the adequacy of the proposed

settlement" through formal and informal discovery.  *In Re Baan*, 284 F. Supp.2d at 64.  The

Parties have had the opportunity to review thousands of time cards from a number of facilities

operated by P&R, as well as the corresponding payroll documentation.  Plaintiffs' counsel has

deposed members of P&R management as well as a corporate representative knowledgeable

about P&R's payroll system and practices.  The settlement has neither "come too early to be

suspicious nor too late to be a waste of resources." *Vitamins Antitrust Litigation*, 305 F. Supp.2d

at 105.  Rather, this is a "desirable point in the litigation for the parties to reach an agreement and

to resolve these issues without further delay, expense and litigation." *Id.*

**6.      The reaction of Plaintiffs and Class members to the proposed
          settlement has been overwhelmingly positive.**

Notice of the proposed settlement and its terms was mailed to 2,896 potential class

members. Of those, 434 Notices were returned as undeliverable, meaning that 2,462 potential

class members received notice of the terms of the settlement.  Not a single class member has

submitted an objection to the settlement, and less than one percent (15 out of 2,462) requested to

be excluded from the Class and the settlement.  Jacobs Cert., ¶¶2-4.

Even if some objections are received, "[t]he existence of even a relatively few objections

certainly counsels in favor of approval [of settlement]." *In Re Lorazepam & Clorazepate*

*Antitrust Litigation*, No. 99cv276, 2003 U.S. Dist. LEXIS 12344 at *19 (D.D.C. June 16, 2003).

However, in this case, although a tiny number of individuals seek to be excluded from the District Class, no class member filed an objection to the proposed settlement. Moreover, each of the 20 "opt in" plaintiffs has been informed of the terms of the settlement, and each has affirmatively indicated his or her acceptance of the settlement. Thus, the reaction of the plaintiffs and the class members militates in favor of approving the proposed settlement.

### 7.    **Opinion of Experienced Counsel.**

Counsel for the Parties in this case believe the settlement to be fair, adequate and reasonable. Both counsel are experienced in collective and/or class action litigation. Both counsel were involved in the extensive arm's length negotiation of which the proposed settlement is a product and this supports the approval of the settlement. "Although this Court will not defer blindly to the views of counsel with regard to the adequacy of settlement, it must consider that the Settlements were reached after several months of arms' length negotiation by experienced counsel and that both counsel and all parties involved view the settlement as reasonable." *See e.g., Vitamins Antitrust Litigation*, 305 F. Supp.2d at 106. *See also In Re Lorazepam*, 2003 U.S. Dist. LEXIS 12344 at *19-20 (the "[o]pinion of such experienced and informed counsel should be afforded substantial consideration by a court in evaluating the reasonableness of a proposed settlement).

For the foregoing reasons, the Court should finally approve the proposed settlement of the Lawsuit as fair, adequate and reasonable.

**CONCLUSION**

For the reasons set forth above, the Parties respectfully request that their motion be granted, and that, after the fairness hearing has been conducted on October 15, 2008, this Court enter an Order approving the proposed settlement, as well as the attached settlement agreement, as fair, adequate and reasonable; and  dismissing Plaintiffs' Complaint and the claims made

13

therein and in the above-captioned case with prejudice.  The parties also seek the Court's order

disposing of the untimely written request for exclusion submitted by Maria Ventura and the oral

intentions to submit written requests for exclusion made by Maria Sanchez, Jose Sanchez and

Javier Morales.

Respectfully submitted,

By  /s/ Karla Grossenbacher
    Karla Grossenbacher (Bar #442544)
    SEYFARTH SHAW LLP
    815 Connecticut Avenue, N.W.
    Suite 500
    Washington, D.C. 20006-4004
    (202) 463-2400
    *Attorneys for Defendant*

By  /s/ Joni S. Jacobs
    Mark Hanna (Bar #471960)
    Joni S. Jacobs (Bar #493846)
    Murphy Anderson PLLC
    1701 K. Street, N.W., Suite 210
    Washington, D.C. 20006
    (202) 223-2620

    Arthur P. Roger (Bar #390844)
    D.C. Employment Justice Center
    727 15th Street, N.W. 2nd Floor
    Washington, D.C. 20005
    (202) 828-9675 ext. 18
    *Attorneys for Plaintiff*

Dated:  September 29, 2008